United States Courts
Southern District of Texas
FILED

JUN **0 3** 2005

Michael N. Milby, Clerk of Court

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ERIC A. GONZALES                              *
                                              *    C.A. No. C-_____
VS.                                           *
                                              *
CITY OF CORPUS CHRISTI, Officer M.            *
MORROW, #273, Officer M GOCE #260;            *
NUECES COUNTY, TEXAS, Deputy D.               *
GARZA, #345__, Deputy J. ESCOBEDO             *
#7347, Deputy C. GOMEZ, Deputy C.             *
CASARES #7172, LT. E. B. HINOJOSA #5679*
Sheriff LARRY OLIVAREZ, SR., H. E.            *
BUTT GROCERY COMPANY, H. E. B.                *
GROCERY COMPANY LP, general partner           *
HEBCO GP, and ALFRED VILLARREAL,              *    Plaintiff Request a Jury Trial
and IRMA CABRERA                              *

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Eric A. Gonzales, Plaintiff in the above numbered and styled

cause [hereinafter "Plaintiff"] and files this his Original Complaint, against Defendant

City of Corpus Christi [hereinafter "City"], Defendant City of Corpus Christi Police

Officer M. Morrow #273 [hereinafter "Morrow"], Defendant City of Corpus Christi

Police Officer M. Goce #260 [hereinafter "Goce"], Defendant Nueces County, Texas

[hereinafter "Nueces" or "County"], Defendant Larry Olivarez, Sr. [hereinafter

"Olivarez"], Defendants Nueces County Sheriff Deputy, D. Garza, #345__ [hereinafter

"Garza"], Deputy J. Escobedo #7347 [hereinafter "Escobedo"], Deputy C. Gomez,

[hereinafter "Gomez"], Deputy C. Casares #7172 [hereinafter "Casares"], Lt. E. B.

Hinojosa #5679, [supervisor with Nueces County Sheriff's Department [hereinafter

"Hinojosa"], H. E. Butt Grocery Company and H.E.B. Grocery Company, LP, general

partner HEBCO GP, [hereinafter "HEB"], Alfred Villarreal [hereinafter "Villarreal"], and

1

Irma Cabrera [hereinafter "Cabrera"], and would show the Court as follows:

## PARTIES

1.     Plaintiff is an individual residing in Nueces County, Texas and may be served with process by and through Plaintiff's attorney of record, William H. Berry, Jr. and Gail D. C. Dorn, Law Office of William H. Berry, Jr., at P. O. Box 23064, Corpus Christi, Texas 78403. Plaintiff is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

2.     Defendant CITY OF CORPUS CHRISTI is a municipal corporation, incorporated in the State of Texas and situated in Nueces County, Texas. Defendant can be served with process by and through the mayor, clerk, secretary or treasurer at 1201 Leopard Street, or P. O. Box 9277, Corpus Christi, Texas 78401, 78469-9277 at the post office box. Defendant's representatives are persons with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial. [Tex. Civ. Prac. & Rem. C. §17.024]

3.     Defendant, M. MORROW is an individual who may be served with process at the City of Corpus Christi Police Department, 321 John Sartain, Corpus Christi, Texas 78401. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

4.     Defendant, M. GOCE, is an individual who may be served with process at the City of Corpus Christi Police Department, 321 John Sartain, Corpus Christi, Texas 78401. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

5.     Defendant NUECES COUNTY, is a county situated in the State of Texas.

Defendant can be served with process by and through the County Judge, Terry Shamsie. Defendant can be served with process at 901 Leopard Street, Third Floor, Corpus Christi, Texas 78401. Defendant's representatives are persons with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial. [Tex. Civ. Prac. & Rem. C. §17.024]

6.      Defendant, LARRY OLIVAREZ, SR. is the Sheriff of Nueces County, and may be served with process at the Nueces County Jail located at 901 Leopard Street, Corpus Christi, Texas 78401. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

7.      Defendant, D. GARZA, is an individual who may be served with process at the Nueces County Jail located at 901 Leopard Street, Corpus Christi, Texas 78401. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

8.      Defendant, J. ESCOBEDO is an individual who may be served with process at the Nueces County Jail located at 901 Leopard Street, Corpus Christi, Texas 78401. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

9.      Defendant, C. GOMEZ, is an individual who may be served with process at the Nueces County Jail located at 901 Leopard Street, Corpus Christi, Texas 78401. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

10.     Defendant, C. CASARES, is an individual who may be served with process at the Nueces County Jail located at 901 Leopard Street, Corpus Christi, Texas 78401.

Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

Defendant E. B. HINOJOSA Employee Number 5679 NC0134, is an individual who may be served with process at the Nueces County Jail, located at 901 Leopard Street, Corpus Christi, Texas 78401. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

11.     Defendant, H. E. BUTT GROCERY COMPANY, is a Texas corporation doing business in the State of Texas. Defendant can be served with process by serving its registered agent for service at Abel Martinez, 646 South Main Avenue, San Antonio, Texas 78204, Texas Corporation. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

12.     Defendant, H. E. B. GROCERY COMPANY LP, is a Texas limited liability corporation, whose general partner is HEBCO GP doing business in the State of Texas. Defendant can be served with process by serving its registered agent for service at Abel Martinez, 646 South Main Avenue, San Antonio, Texas 78204. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

13.     Defendant, ALFRED VILLARREAL is an individual, believed to be employed by H.E.B. No. 1 located at 4444 Kostoryz, Corpus Christi, Texas. and also believed to be the person who made a report to the City of Corpus Christi complaining about Plaintiff that resulted in Plaintiff's arrest and beating. Defendant may be served with process at the H.E.B. at 4444 Kostoryz, Corpus Christi, Texas 78415. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or

4

live testimony at trial.

14.    Defendant, IRMA CABRERA is an individual, believed to be a medic providing medical services to Nueces County Jail. Defendant may be served with process at the Nueces County Jail, at 901 Leopard Street, Corpus Christi, Texas 78401. Defendant is a person with relevant knowledge and is expected to provide testimony by deposition or live testimony at trial.

## STATEMENT OF JURISDICTION

15.    This Court has jurisdiction of this cause of action under the Civil Rights Act, 42 U.S.C. §1983, et seq., 42 U.S.C. §1985, 42 U.S.C. §1988; the American's With Disabilities Act, 42 U.S.C. §12101 et seq.; common law cause of action under *Bivens,* and pendant jurisdiction of the state causes of action under the Texas Tort Claims Act, *Vernon's Civ. Prac. & Rem. C. §101.021 et seq.*, and state common law claims for slander, libel, intentional infliction of emotional distress, and negligence.

## VENUE

16.    Plaintiff would show that the acts, omissions, complained of herein occurred in Corpus Christi, Nueces County, Texas and venue is in Nueces County, Texas.

## CONDITIONS PRECEDENT

17.    Plaintiff would show that Plaintiff has complied with all conditions precedent entitling Plaintiff to assert the claims made in the petition.

## FACTS

18.    On or about June 3, 2004, Plaintiff was at the H. E. B. Store on Kostoryz in Corpus Christi, Nueces County, Texas. It was mid-afternoon. Plaintiff was at the H.E.B. to purchase cigarettes. Plaintiff went directly to the cashier, who obtained the cigarettes

5

for Plaintiff. When Plaintiff attempted to pay the cashier, he lacked $.20 and Plaintiff informed the cashier that he would go across the street to his apartment to get more money and return to pay the balance. The cashier said "no" that Plaintiff had to leave the store. Plaintiff gave the cigarette packet back to the clerk and informed the clerk that he would return. Plaintiff left the interior of the store and while outside the store near the entrance but still on H.E.B. property, Plaintiff saw a neighbor boy and Plaintiff asked the young boy to go to Plaintiff's apartment to bring Plaintiff some change. Plaintiff waited outside the HEB store building but on HEB property, Plaintiff was approached by an HEB employee, believed to be Defendant Villarreal, who threatened to call the police to have Plaintiff arrested. Plaintiff advised Defendant Villarreal that he was waiting for someone to bring him the additional $.20 he needed to purchase cigarettes. When boy returned with the change, Defendant Villarreal told Plaintiff that he [Plaintiff] had to go to the gas station cashier to purchase the cigarettes, which Plaintiff did.

19.    When Plaintiff arrived at the HEB gas station and immediately upon purchasing the cigarettes and placing the packet in his pocket, a City of Corpus Christi police car arrived with one officer, believed to be Defendant Morrow. The police officer approached Plaintiff, physically pushed Plaintiff onto the hood of the police car, talked to Plaintiff in a rough, intimidating tone. Defendant Morrow made Plaintiff place his hands on the hood of the police car, and a second police officer arrived, believed to be defendant Goce. Defendant Goce searched Plaintiff by patting him down. During the pat down, Plaintiff's khaki long legged pants began to slip down, and Plaintiff asked the officer to hold up and Plaintiff reached down to pull up his pants. The first officer, believed to be Defendant Morrow, immediately and without warning, began hitting Plaintiff repeatedly

6

on the right side of the head with his baton or a sharp, hard object, behind Plaintiff's right

ear and lower head and neck. The first officer began hitting Plaintiff without provocation

or reason. During the beating, handcuffs were placed on the Plaintiff and were placed too

tightly causing cuts and bruising and numbness because of the use and application of the

handcuffs. After Plaintiff was handcuffed, Plaintiff was placed in the back of the second

officer's police car.

20.    Plaintiff was taken directly to the Nueces County Jail. The acceptance

document prepared by Nueces County jail personnel, states that Plaintiff suffered ADDH

and HTN, that Plaintiff took Xanex. The County documentation noted Plaintiff's physical

injuries to his eye lid, nose and teeth. The County assesses Plaintiff's state of mind as

"very agitated and angry." Nueces County accepted Plaintiff for booking and

incarceration. The cigarette packet was unopened and Defendant Goce is the officer

believed to be the one who took the unopened packet of cigarettes from Plaintiff and

threw the packet in the trash to agitate Plaintiff. Plaintiff was incarcerated and placed in a

cell. Plaintiff asked to make a telephone call and when taken to the telephone, the

telephone was not operating. Because of Plaintiff's disability and medical condition,

Plaintiff became very agitated, and was told that they [jail] had turned the telephone off.

Plaintiff became very upset, began hitting the telephone receiver. Defendants state in their

reports that Plaintiff yelled, made verbal comments calling the deputies names, and

attempted to spit on defendant Escobedo, who threatened Plaintiff with a felony charge if

Plaintiff "spit on him". None of the words Defendants alleged Plaintiff made were words

that incited adverse or dangerous action by Plaintiff to other persons. The individual

Nueces County deputies threw Plaintiff down and severely beat Plaintiff and threatened

7

him. The deputies accuse Plaintiff in their written reports for profane, name calling, but do not accuse Plaintiff of any threatening language other than alleging his attempt to spit on the officers. The jailers placed handcuffs on Plaintiff so tightly that the cuffs cut off the circulation in Plaintiff's hands and wrists. Plaintiff was placed in a cell with the cuffs on his hands. Because of the unnecessary beatings and aggression taken against Plaintiff by Nueces County deputies, Plaintiff became agitated and began kicking the cell door. Nueces County deputies entered the cell and threw Plaintiff to the floor, and beat him about the head and neck and beat his face against concrete surfaces. The beating is depicted in the video logs from the Nueces County jail.

21.    A medic, who is believed to be Defendant Cabrera, was finally called to check Plaintiff. Defendant Cabrera failed to properly evaluate Plaintiff's mental state, failed to immediately have Plaintiff taken to an appropriate mental treatment facility, failed administer proper medical treatment, failed to contact or refer Plaintiff to a proper health care facility, physician, or health care provider for Plaintiff's injuries and medical condition. Cabrera failed to properly evaluate and provide the necessary care and treatment or medication for Plaintiff to accommodate his medical and mental condition and allowed Plaintiff to remain agitated state and to be placed in situations that aggravated and exacerbated his mental and physical condition.

22.    Plaintiff suffered severe physical injury including but not limited to, cuts and lumps behind the right ear, which lump remains to this day; broken teeth causing Plaintiff to bleed from the mouth while in the Defendants custody. Plaintiff suffered cuts, bruises, swelling, and damage to both his wrists and hands. Plaintiff suffered injuries to both his left and right eyes, to the extent that they were swollen shut. Plaintiff was cut on

his upper check and left eye and nose. Plaintiff suffered a swollen right ear. Plaintiff had several lumps caused from the trauma to his entire head.

23.    The Nueces County Sheriff Department records concerning Plaintiff's incarceration reveal from reports prepared by Defendants Gomez, Escobedo, Garza, and Casares, that while Plaintiff was incarcerated in a holding cell, that in an excessive attempt to restrain Plaintiff, he was hand cuffed and shackled at the direction of Defendant Hinojosa. That Defendants Casares and Escobedo placed Plaintiff in the holding cell whereupon they reported that Plaintiff began kicking and punching the cell door. They report and the video reveals that Plaintiff, upon discovering that the telephone given to him to use was inoperable, that Plaintiff began hitting the receiver. They left Plaintiff in the cell unattended. Defendant Escobedo reports that Defendant Garza entered the holding cell, ordered Plaintiff to place his hands behind his back, and that Garza began to struggle with Plaintiff, they went to the floor, Escobedo held Plaintiff by his shoulders, and held Plaintiff down while they placed handcuffs and shackles on Plaintiff. Defendant Casares reports that he assisted Defendant Escobedo in the cell when Plaintiff was beaten. Escobedo reports that he informed Plaintiff if he [Plaintiff] spit on him [Escobedo], Plaintiff would be charged with a felony. Defendant Gomez reports that Defendants Garza, Escobedo and Casares are the officers who applied the cuffs and shackles. The reports state that Defendants Garza and Gomez applied the cuff and shackles. The video of the incident reveals that the Defendants in fact punch and beat Plaintiff's head against a concrete surface.

24.    At the time of the incident, Plaintiff was living by himself. After the incident, Plaintiff moved back to live with his grandparents. I had to stay at home because

9

of the injuries, and my grandmother helped care for me.

25. While Plaintiff was in the custody and care of Nueces County, the County failed to transport or obtain treatment or care from a health care provider. Nueces County and the City failed to transport Plaintiff to the hospital or a doctor or clinic where Plaintiff could be treated for his injuries. The City and Nueces County failed to provide Plaintiff with minimal, reasonable, and necessary medical care or treatment at the time Plaintiff was brought to the County, for his injuries that were inflicted by the City police officers. The County failed to provide Plaintiff minimal, reasonable, and necessary medical care or treatment for the injuries inflicted by Nueces County personnel while Plaintiff was in their custody and control. After Plaintiff's release from custody, Plaintiff was taken to Christus Spohn Memorial hospital emergency room for treatment.

26. Plaintiff is 26 years old, and was 25 years old at the time of the incident. Plaintiff suffers from Attention Deficit Disorder and hyperactivity. When Plaintiff is upset or confronted in a forceful or aggressive manner, he becomes agitated and upset, but when he is handled in a calm manner, he remains calm. Plaintiff has difficulty being in enclosed areas, such as a cell, and needs space and light. Defendant knew that Plaintiff suffered from Attention Deficit Disorder and hypertension. Defendants knew of Plaintiff's condition because it appears in the records created by Defendants.

27. Plaintiff was wrongfully charged with resisting arrest, resisting search and "RMG". The charges were not pursued against Plaintiff and were dismissed.

28. Plaintiff was lawfully on the property at HEB to purchase cigarettes. When informed that he needed an additional $.20, he sent a neighbor to his apartment to pick up change and return it to the HEB store, and waited outside the HEB store for his neighbor

to return. HEB personnel, unnecessarily, maliciously, and knowingly called the police and reported activity that was neither unlawful nor constituted probable cause resulting in the action taken by Defendants City, Goce, and Morrow or of the wrongful detention, subsequent arrest and incarceration of Plaintiff. It was HEB personnel's plan for Plaintiff to be unlawfully detained and subsequently arrested by (1) ordering Plaintiff to leave the store while he waited for the balance of money to pay for the cigarettes, (2) disallowing Plaintiff to return to the interior of the store to complete the purchase, (3) sending Plaintiff to the gas station to purchase the cigarettes, knowing the police would be there to detain and arrest Plaintiff, (4) providing and setting up easy access for the police to wrongfully detain, arrest and subsequently incarcerate Plaintiff, (5) reporting incorrect information to the police for the purpose of having the police wrongfully detain and arrest Plaintiff, which resulted in Plaintiff being beaten and incarcerated. Plaintiff committed no wrongful acts while in the interior of the store attempting to purchase cigarettes, nor while he waited outside the store for his friend to bring $.20 so he could complete his purchase.

29.     Defendants acts, omissions, and conduct which give rise to Plaintiff's causes of action include but are not limited to (1) failing to properly assess and have proper facilities and conditions of confinement for persons with mental disabilities; (2) denying Plaintiff his special needs before his injury, (3) denying or delaying treatment for Plaintiff after his injury, (4) failing to provide Plaintiff with a safe place and the conditions of confinement, (5) failing to provide Plaintiff adequate medical treatment for his serious medical needs, (6) ignoring information and evidence of Plaintiff's mental and medical condition and refusing to provide him proper medical treatment or provisions at

the jail; (7) failing to provide the Plaintiff with the proper and necessary medical attention and hygiene while incarcerated in Defendants' jail; (8) failing to provide Plaintiff with a reasonable accommodation or assistance while Plaintiff was incarcerated; (9) preventing Plaintiff from receiving proper medical treatment and assistance and accommodation; and (10) allowing Plaintiff to be injured and then suffer unnecessary physical pain and mental anguish then wrongfully punish Plaintiff for conduct that was a result of his condition. Additionally, Defendants gathered information placing Defendants on notice of Plaintiff's condition, which should have been accommodated rather Defendants acts which aggravated or exacerbated Plaintiff's condition.

## VIOLATIONS CIVIL RIGHTS ACT – 42 U.S.C. §1983

### 4TH Amendment, 5th Amendment, and 14th Amendment

30.      Plaintiff relies upon the facts as stated in the "Facts" paragraphs in support of his causes of action for violations of his civil rights, and the facts are incorporated herein as if fully set forth. Defendants City, Goce, and Morrow, violated Plaintiff's civil rights under the 42 U.S.C. §1983. Defendants conduct is in violation of the fourth amendment of the United States Constitution because the Plaintiff was unlawfully stopped and detained, was unlawfully and wrongfully arrested and detained without probable cause or justification. Plaintiff would further show that excessive force was used against the Plaintiff by Defendants "City", Goce, and Morrow. Plaintiff suffered from a serious medical and mental condition for which Defendants knew or should have known, and who failed to take the necessary care and subsequently aggravated or exacerbated Plaintiff's mental and medical condition. Defendants Villarreal, HEB, Morrow and Goce entered into a conspiracy to cause violate the Plaintiff's civil rights and to deny Plaintiff

12

his constitutional rights as guaranteed by the United States Constitution and the Constitution of the State of Texas.

31. As a result of the Defendants concerted unlawful and malicious abuse of the Plaintiff, Defendants intentionally, or with deliberate indifference and callous disregard of the Plaintiff's rights deprived Plaintiff of his constitutional rights, in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

32. As a result of the Defendants concerted unlawful and malicious detention, arrest, and incarceration, of Plaintiff, Defendants intentionally, or with deliberate indifference and callous disregard of the Plaintiff's rights deprived Plaintiff of his constitutional rights, in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

33. The Defendants conduct in the unlawful arrest and detention and confinement of the Plaintiff and the misuse of tangible personal property, I. e. handcuffs, and an object used in physically beating Plaintiff and the physical abuse of the Plaintiff constitutes excessive force in violation of both Texas and Federal law. Defendants violated the Plaintiff's rights to be free from excessive force and unlawful arrests and detentions without probable cause, in violation of the Plaintiff's Fourth and Fourteenth Amendment Rights.

34. The Defendants wrongful conduct, acts and omissions and constitutional violations are the proximate and producing cause of Plaintiff injuries and damages alleged herein.

35. Defendants failed to have proper facilities, policies, and procedures to evaluate, immediately transfer, properly and safely process, or accommodate persons with

13

disabilities such as the Plaintiff.

36. All Defendants were acting under color of law and pursuant to official policy or custom. Defendants City, Olivarez, and Hinojosa, knowingly, recklessly, or with deliberate indifference, maliciousness, and calloused disregard of Plaintiff's rights. Defendants (1) failed to have proper policy and procedures to identify mental and medical conditions for persons being detained, arrested, and/or incarcerated, by the City or County; (2) adopted and enforced policy and procedures that are unconstitutional; (3) applied policy and procedures in an unconstitutional manner; (4) to failed to instruct, supervise, control, and discipline, on a continuing basis personnel from the police department and from the Nueces County jail, and specifically defendants Morrow, Goce, Garza, Escobedo, Gomez, Casares, and Hinojosa in the operation and proper policies and procedures to be followed with disabled individuals, (5) failed to properly train, implement proper procedures that would protect against constitutional violations; (6) failed to have the proper procedures and policies to protect citizens from having their civil rights violated; (7) failed to follow, enforce, or train and knowingly disregarded policies and procedures to protect citizens such as the Plaintiff from constitutional violations; (8) applying policies and procedures in an unconstitutional manner, (9) and otherwise depriving Plaintiff of his constitutional and statutory, rights, privileges, and immunities.

37. Defendants City, Olivarez, and Hinojosa had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants and the City and County had the power and duty to prevent or aid in preventing the commission of said wrongs, could

have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights failed or refused to do so. Such conduct was malicious.

38.     Defendants City and Olivarez directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants in the detention, arrest, citing, cuffing, and confinement of Plaintiff.

39.     As a direct and proximate and producing cause of the Defendants conduct herein, Plaintiff has suffered the damages asserted in this Complaint.

**8TH Amendment, 5th Amendment and 14th Amendment –
Excessive Force and Inadequate Medical Care**

40.     Plaintiff would show that the Defendants County, Olivarez, and Garza, Escobedo, Gomez, Casares, Cabrera, and Hinojosa violated Plaintiff's civil rights under the 42 U.S.C. §1983, because Defendants conduct violates Plaintiff's Eighth Amendment rights of the United States Constitution for use of excessive force during Plaintiff's incarceration at the Nueces County Jail.

41.     Plaintiff would show that the Defendants County, Olivarez, and Garza, Escobedo, Gomez, Casares, Cabrera, and Hinojosa, violated Plaintiff's civil rights under the 42 U.S.C. §1983, because Defendants conduct violates Plaintiff's Eighth Amendment rights of the United States Constitution for failure to provide adequate medical care and treatment for Plaintiff's mental and medical condition and for the injuries inflicted by the City and City personnel at the time of arrest, when Plaintiff was brought to the Nueces County jail, and after Plaintiff's condition deteriorated while incarcerated at the Nueces County jail. Defendants County and Garza, Escobedo, Gomez, Casares, Cabrera, and Hinojosa, violated Plaintiff's civil rights under the Eighth Amendment for failing to

provide adequate medical care for the injuries to Plaintiff inflicted by the County and Garza, Escobedo, Gomez, Casares, Cabrera, and Hinojosa, while Plaintiff was incarcerated in the Nueces County jail.

42.    Plaintiff would show that the Defendants County, Olivarez, and Garza, Gomez, Escobedo, Cabrera, Casares and Hinojosa's violated Plaintiff's civil rights under 42 U.S.C. §1983, because Plaintiff had serious mental and medical needs at the time of his arrest, before his incarceration and after he was incarcerated at the County jail. Defendants knew or should have known of Plaintiff's mental and medical needs yet they intentionally, willfully, and with deliberate indifference and maliciously disregarded the Plaintiff's mental and medical needs and condition which constituted an excessive risk to the Plaintiff's health and welfare. Defendants should have (1) proper policies and procedures to identify mental and medical conditions for persons being detained, arrested, and/or incarcerated, by the City or County; (2) adopt and enforce policy and procedures that protect persons constitutional rights; (3) apply policy and procedures in a constitutional manner. Defendants conduct, acts and omissions alleged above, were intentional, willful, done with deliberate indifference, and done maliciously, all of which constitutes cruel and unusual punishment in violation of the eighth amendment of the United States Constitution. Such conduct, acts and omissions, are the proximate and producing cause of Plaintiff injuries and damages alleged herein.

43.    As a result of the Defendants County, Olivarez, and Garza, Gomez, Escobedo, Cabrera, Casares and Hinojosa's concerted unlawful and malicious abuse of the Plaintiff during Plaintiff's incarceration, Defendants intentionally, or with deliberate indifference and callous disregard of the Plaintiff's rights deprived Plaintiff of his

constitutional rights, in violation of the Eighth, Fifth, and Fourteenth Amendments of the United States Constitution.

44.     As a result of the Defendants County, Olivarez, and Garza, Gomez, Escobedo, Cabrera, Casares and Hinojosa's concerted unlawful incarceration, of Plaintiff, Defendants intentionally, or with deliberate indifference and callous disregard of the Plaintiff's rights deprived Plaintiff of his constitutional rights, in violation of the Eighth, Fifth, and Fourteenth Amendments of the United States Constitution.

45.     Defendants County, Olivarez, and Garza, Gomez, Escobedo, Cabrera, Casares and Hinojosa's concerted unlawful failure to provide adequate mental and medicare evaluation and care to Plaintiff, was done intentionally, or with deliberate indifference and callous disregard of the Plaintiff's rights, and deprived Plaintiff of his constitutional rights, in violation of the Eighth, Fifth, and Fourteenth Amendments of the United States Constitution.

46.     Defendants failed to have proper facilities, policies, and procedures to evaluate, immediately transfer, properly and safely process, or accommodate persons with disabilities such as the Plaintiff.

47.     Acting under color of law and pursuant to official policy or custom, Defendant Olivarez and Defendant Nueces County, knowingly, recklessly, or with deliberate indifference, maliciousness, and calloused disregard of Plaintiff's rights, failed to instruct, supervise, control, and discipline, on a continuing basis Defendants in the operation and condition of the jail, and in their duties. Defendants (1) failed to adopt and have in place a plan to evaluate and properly handle those persons brought to the Jail who have special needs because of a disability or mental condition, (2) failed to follow

17

necessary and minimal policies and procedures in evaluating and handling disabled

persons or persons with a mental condition, (3) failed to adopt, interpret, enforce policies

that are unconstitutional, (4) adopted, interpreted and enforced policies in an

unconstitutional manner, (5) unlawfully and maliciously harass and mistreat persons who

are incarcerated in the jail and under their supervision and control; (6) unlawfully and

maliciously mistreat persons incarcerated who are acting in accordance with the person's

constitutional and statutory rights, privileges, and immunities; (7) unlawfully and

maliciously failing to accommodate and then mistreated and denied Plaintiff his rights

and remedies while incarcerated in the jail; (8) conspired with others to violate the rights,

privileges, and immunities guaranteed to Plaintiff by the Texas and United States

Constitutions; (9) otherwise deprived Plaintiff of his constitutional and statutory, rights,

privileges, and immunities.

48.     Defendants Olivarez, Nueces County and Hinojosa had knowledge or, had

they diligently exercised their duties to instruct, supervise, control, and discipline on a

continuing basis, should have had knowledge that the wrongs conspired to be done, as

heretofore alleged, were about to be committed. Defendants and the County had power to

prevent or aid in preventing the commission of said wrongs, could have done so by

reasonable diligence, and knowingly, recklessly, or with deliberate indifference and

callous disregard of Plaintiff's rights failed or refused to do so. Such conduct was

malicious.

49.     Defendants Olivarez, Nueces County and Hinojosa directly or indirectly,

under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and

wanton conduct of Defendants and the operation and condition of the jail heretofore

described.

50.    As a direct and proximate and producing cause of the Defendants conduct

herein, Plaintiff has suffered the damages asserted in this Complaint.

### 1st Amendment

51.    Plaintiff would show that during his incarceration at the Nueces County jail,

contained in the jail records relating to Plaintiff's confinement, County sheriff personnel

report that Plaintiff used profane, insulting language that was not designed nor of the

nature to incite violence nor was it necessarily directed at any particular sheriff deputy.

For example, Defendant Escobedo reports that he told Plaintiff if he [Plaintiff] spit on

him [Escobedo] that Plaintiff would be charged with a felony. The records reflect that a

pattern of adverse action taken against Plaintiff that he was severely beaten and restrained

because of words Plaintiff said while incarcerated. The words consisted of complaints

that the handcuffs were severely damaging his hands and wrists, that the telephone given

to Plaintiff to use was inoperable, complaints when excessive force was being used

against Plaintiff. Plaintiff's speech involves a matter of public concern because Plaintiff

was complaining about the conditions and treatment received at the Nueces County jail.

Plaintiff was exercising his First Amendment rights to inform and complain of his

treatment and the beatings that he sustained at the hands of law enforcement personnel.

### FEDERAL COMMON LAW VIOLATION CIVIL RIGHTS

52.    Plaintiff would show that the facts as alleged in the "FACTS" paragraphs

constitute liability by the Defendants City, County, Olivarez, Goce, Morrow, Garza,

Gomez, Escobedo, Cabrera, Casares, and Hinojosa, because defendants violated federal

law and Plaintiff's civil rights under the Fourth, Fifth, Eighth, Fourteenth Amendments of

the United States Constitution, and violated rights under federal statutes, which conduct by the Defendants is a proximate and producing cause of Plaintiff's damages alleged herein. Plaintiff brings this cause of action under common law pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

## VIOLATIONS OF THE AMERICAN'S WITH DISABILITIES ACT – 42 U.S.C. §12101

53.     Plaintiff is a qualified individual pursuant to 42 U.S.C. §12131(2). Plaintiff is an individual who, suffers from a defined medical condition, that  defendants City, County, Olivarez, Morrow, Goce, Gomez, Garza, Escobedo, Casares, Cabrera, and Hinojosa, knew about and failed to accommodate or to provide adequate care and treatment. Plaintiff suffers from Attention Deficit Disorder (ADDH) and other mental conditions which Defendants failed to properly identify, evaluate, and handle Plaintiff when he was initially detained, when he was arrested, and during the period of his incarceration. Plaintiff was not reasonably accommodated, suffers from a severe disability that affects one or more major life activities. Plaintiff is qualified for services or would be qualified for services within the Nueces County jail or transferred to an appropriate mental facility when he was wrongfully detained and arrested by City police, when he was brought to the jail, and after he was incarcerated and continued to experience and exhibit his mental condition and suffer from his medical and mental condition. Plaintiff was excluded and denied benefits and accommodations and proper mental evaluation and treatment because of his disability. Defendants' acts, omissions, and wrongful conduct set forth in the "Facts" paragraphs above, constitute violations of the ADA and are the proximate and producing cause of Plaintiff's injuries and damages alleged herein.

54.    HEB is in violation of the ADA by (1) failing to have in effect proper
policies and procedures in place to handle customers, such as Plaintiff, who suffer from
mental and/or medical conditions, (2) having a policy and procedure that does
not properly accommodate or handle persons with mental or medical conditions, (3)
failing to properly enforce a policy dealing with customers suffering from mental or
medical conditions. Alternatively, HEB's policy, procedure, or practice calling law
enforcement to deal with customers suffering from a mental or medical condition does
not comply with the requirements of the ADA.

## CONSPIRACY TO VIOLATE CIVIL RIGHTS 42 U.S.C. §1985

55.    The conduct of the Defendants City, Goce, Morrow, Villarreal, and HEB as
set forth in the "FACTS" paragraphs, *supra*, constitutes a conspiracy to violate the
Plaintiff's civil rights, which was entered into knowingly, maliciously, or with conscious
indifference to the rights of Plaintiff and for the purpose to violate Plaintiff's civil rights.
The defendants acted in concert to commit an unlawful act or to commit a lawful act by
unlawful means, whereby they agreed to inflict an injury on Plaintiff and Defendants
conduct resulted in Plaintiff's damage. The conspiracy was the proximate cause of the
violation of Plaintiff's constitutional rights and damages alleged herein. Plaintiff was
deprived of his Fourth Amendment rights because he was subjected to an unlawful search
and seizure, because excessive force was used in detaining and arresting Plaintiff by the
City, Goce and Morrow, because he was wrongfully arrested, wrongfully imprisoned and
incarcerated in the Nueces County jail. Plaintiff's Eighth Amendment rights were violated
because he was deprived to proper medical care and treatment for the injuries he
sustained that were inflicted by the City and Morrow, and for the injuries he sustained

21

while incarcerated in the Nueces County jail at the hands of Nueces County and its

personnel. He was deprived of his due process rights under the Fifth and Fourteenths

Amendments because he was wrongfully detained, arrested, imprisoned, beaten, without

being properly magistrated or evaluated, in violation of the American's with Disabilities

Act and under the Rehabilitation Act.

## VIOLATIONS OF TEXAS TORT CLAIMS ACT

56.    Plaintiff would show that the facts alleged in the "FACTS" paragraph,

*supra,* constitute violations by the Defendants City, County, Morrow, Goce, Olivarez,

Garza, Escobedo, Gomez, Casares, and Hinojosa constitute a violation of the Texas Tort

Claims Act, *V.T.C.A. Civil Practice & Remedies Code §101.021 et seq.* Plaintiff suffered

grievous personal injuries caused by the wrongful act or omission or negligence caused

by the condition or use of tangible personal property. Additionally Plaintiff suffered

personal injuries from the City and County and from employees of the Defendants

County and City by reason of the employees' negligence, wrongful act or omission

because the employees would be personally liable to Plaintiff according to Texas law.

The wrongful conduct, acts, and omission of the Defendants is the proximate and

producing cause of the Plaintiff's damages alleged herein.

## NEGLIGENCE

57.    Plaintiff would show that the conduct, acts and omissions of the Defendants

Villarreal and HEB as set forth in the "FACTS" paragraphs, *supra,* constitutes

negligence, which is the proximate cause of Plaintiff's damages alleged herein, for an

amount within the jurisdictional limits of this court.

58.    Plaintiff would show that HEB (1) failed to have in effect proper policies

and procedures in place to handle customers, such as Plaintiff, who suffer from mental and/or medical conditions, (2) had policies, procedures, or practices and customs that did not conform to state or federal law, and (3) failed to properly enforce policies, procedures, state and federal law, or practices or customs in handling persons with mental or medical conditions.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59.    Plaintiff would show that the conduct and actions of individual Defendants and HEB constitutes intentional infliction of emotional distress that is a proximate and producing cause of Plaintiff's damages in an amount within the jurisdictional limits of this court.

## SLANDER AND LIBEL

60.    Plaintiff believes that Defendants HEB and Villarreal made false statements to City police for the purpose of having the Plaintiff detained, severely beaten, arrested and ultimately incarcerated. Plaintiff was lawfully on the HEB premises for a lawful purpose, was taking no action giving rise to the necessity to call police. Plaintiff believes that because of a false report given to police by Defendants Villarreal and HEB, constitutes slander and slander per se, for which Plaintiff was damaged.

## MALICE

61.    Plaintiff would show that the conduct of the individual defendants and Defendant HEB constitutes malice, which is the proximate and producing cause of Plaintiff's damages alleged herein and entitles Plaintiff to recover exemplary damages for Plaintiff's state causes of action, as provided by *Vernon's Civ. Prac. & Rem. C. §41.001 (6), §41.002 and §41.003*. Plaintiff would further show that the malice can be inferred

23

from the conduct itself. Plaintiff seeks damages in an amount within the jurisdictional

limits of this court.

## DAMAGES

62.     Plaintiff would show that as a proximate and producing cause of

Defendants' conduct, acts, or omissions, as set forth in the 'FACTS" paragraphs, *supra*,

Plaintiff has suffered the following elements of damages:

a.     Physical pain and mental anguish in the past and that will in all likelihood
       be incurred in the future;

b.     Loss of earning capacity in the past and that will in all likelihood be
       incurred in the future;

c.     Disfigurement in the past and that will continue into the future;

d.     Physical impairment in the past and that will in all likelihood continue into
       the future;

e.     Medical care and hospital, doctor, and reasonable, necessary and customary
       costs and expenses for his medical care and treatment in the past and that
       will in all likelihood be incurred in the future.

f.     Loss of and damage to Plaintiff's personal property;

g.     Plaintiff's out of pocket expenses;

h.     Plaintiff's consequential damages;

I.     Litigation costs and expenses, and expert fees and expenses.

Plaintiff reserves the right to replead and allege further elements of damages, and Plaintiff

alleges damage in an amount within the jurisdictional limits of this court.

## ATTORNEY FEES 42 U.S.C. §1988

63.    The undersigned attorneys have been retained by plaintiff to pursue the cause of action alleged herein.  Plaintiff is entitled to recover attorney fees; which are reasonable and necessary in this cause. The undersigned counsel, William H. Berry, Jr. and Gail D. C. Dorn are expected to testify as expert witnesses at the time of trial as to the reasonable and necessary incurrence of said attorney fees. These attorney's fees are:

   a.    Reasonable and necessary attorney fees for the preparation and trial of this cause.

   b.    Reasonable and necessary attorney fees for an appeal to the Court of Appeals or Circuit Court.

   c.    Reasonable and necessary attorney fees for making or responding to an appeal or writ of certiorari to the United States Supreme Court; and

   d.    Reasonable and necessary attorney fees for making or responding to a certified question to the Texas Supreme Court; and

   e.    Reasonable and necessary attorney fees for an appeal to the United States Supreme Court in the event an appeal or writ of certiorari is granted.

   f.    Reasonable and necessary attorney fees for collection of the judgment in this case or fees incurred upon remand of the case by any appellate court for a redetermination of all or any portion of a judgment.

### INTEREST

64.    Plaintiff is entitled to recover prejudgment and post judgment interest at the highest rate allowed by law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon a trial on

the merits, that Plaintiff be awarded Plaintiff's actual and exemplary damages, reasonable and necessary attorney fees, prejudgment and post judgment interest at the highest rate allowed by law, costs of court, and dispense with the requirement for payment of the library fee and dispute resolution fees, and for all other relief to which Plaintiff is entitled in law and equity and which may arise from the pronouncement from the Court of Appeals, Texas Supreme Court, United States District and Circuit Courts, and United States Supreme Court pending the litigation or appeal of this matter.

Plaintiff requests a jury trial.

Respectfully submitted,

WILLIAM H. BERRY, JR.
Attorney in Charge for Plaintiff
P. O. Box 23064
Corpus Christi, Texas 78403
(361) 888-5568; Facsimile: (361) 888-5578
Texas Bar No. 02251000
Federal I.D. No. 1155

GAIL D. C. DORN
Attorney for Plaintiff
P.O. Box 23064
Corpus Christi, Texas 78403
(361) 888-5568; Facsimile: (361) 888-5578
Texas Bar Card No. 06007350
Federal ID: 16311

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Eric A. Gonzales

**DEFENDANTS** City of Corpus Christi, M. Morrow, M. Goce, Nueces County, J. Escobedo, C. Gomez, C. Casares, E.B. Hinojosa, Larry

**(b)** County of Residence of First Listed Plaintiff    Nueces
(EXCEPT IN U.S PLAINTIFF CASES)

County of Residence of First Listed    Nueces
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

William H. Berry, Jr.,
P. O. Box 23064, Corpus Christi, Texas 78403
(361) 888-5568

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U S Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                  and One Box for Defendant)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Jdgm. | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | Injury | | ☐ 730 Labor/Mgmt Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus | ☐ 790 Other Labor Litigation | or Defendant) | Determination Under |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl Ret Inc | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U S Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff has a mental condition and was wrongfully detained, arrested, incarcerated, beaten. 42 U.S.C. 1983, and 12101

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE                                DOCKET NUMBER

DATE  6/3/05                         SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY