UNITED STATES DISTRICT COURT OF DISTRICT OF SOUTHERN DISTRICT OF TEXAS CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERIC A. GONZALES | § | CIVIL CASE NO. C-05-280 |
| | § | |
| VS. | § | |
| | § | |
| CITY OF CORPUS CHRISTI, | § | |
| OFFICER M. MORROW, #273; | § | |
| OFFICER M. GOCE, #260; | § | |
| NUECES COUNTY, TEXAS, | § | |
| DEPUTY D. GARZA, #345; | § | |
| DEPUTY J. ESCOBEDO #7347; | § | |
| DEPUTY C. GOMEZ; | § | |
| DEPUTY C. CASARES #7172; | § | |
| LT. E.B. HINOJOSA #5679; | § | "JURY TRIAL" |
| SHERIFF LARRY OLIVAREZ, SR.; | § | |
| H.E. BUTT GROCERY COMPANY LP., | § | |
| GENERAL PARTNER HEBCO GP, AND | § | |
| ALFRED VILLARREAL, AND | § | |
| IRMA CABRERA | § | |

## ORIGINAL ANSWER OF DEFENDANT IRMA CABRERA

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Defendant, Irma Cabrera, and makes this her Original Answer to Plaintiff, Eric A. Gonzales, Original complaint filed herein and would show unto the court as follows:

1.  Defendant admits paragraph 1-14 of Plaintiff's Original Complaint except to state as to this Defendant, she is a licensed nurse, licensed by the State of Texas.

2.  Defendant denies paragraph 15.

3.  Defendant admits paragraph 16.

---

*Original Answer of Defendant*
  *Irma Cabrera*

4. Defendant cannot can not admit or deny paragraph 17 of Plaintiff's Original Complaint in that she has no knowledge one way or the other as to whether the Plaintiff has complied with conditions precedent entitling Plaintiff to assert the claims made in this complaint.

5. This Defendant cannot admit or deny paragraphs 18-20 in that she was not involved in facts alleged in those paragraphs and has no personal knowledge of same.

6. The Defendant would deny paragraph 21.

7. The Defendant denies paragraph 22.

8. The Defendant cannot admit or deny paragraph 23 and 24 in that has no knowledge in the facts alleged in paragraph 23 and 24.

9. The Defendant denies paragraph 25 in its entirety with the exception that Defendant cannot admit or deny the assertion that after Plaintiff was released from custody, the Plaintiff was taken to Christus Spohn Memorial Hospital Emergency Room

10. This Defendant cannot admit or deny paragraph 26, 27 and 28.

11. This Defendant denies paragraph 29 in that Plaintiff was not provided adequate medical treatment for his serious medical needs or that information was ignored concerning Plaintiff's mental and medical condition by refusing to provide him with proper medical treatment of provisions at the jail or that this Defendant failed to provide Plaintiff with proper necessary medical attention and hygiene while incarcerated in Defendant's jail or that the Plaintiff was prevented in any way from receiving proper medical treatment, assistance and accommodation.

12. This Defendant cannot admit or deny the contentions set forth in paragraph 30 in Plaintiff's Original Complaint and additionally denies paragraphs, 31, 32, 33, 34, 35 and 36 as they apply to her.

13. This Defendant would show unto the court that any allegations as alleged against this particular Defendant, Irma Cabrera, are allegations in the form of a medical malpractice allegation as opposed to any violation of Plaintiff's Constitutional Rights. As such, this Defendant denies all of Plaintiff's allegations either in the form of medical malpractice claims or violations of Plaintiff's Constitutional Rights.

14. This Defendant cannot admit or deny the allegations contained in paragraph 37, 38 or 39 contained in Plaintiff's Original Complaint.

15. This Defendant denies paragraph 40 and would show that any complaints against Defendant Cabrera are complaints essentially alleging a medical malpractice claim under the medical malpractice laws of the State of Texas and such complaints against this Defendant do not constitute violations of Plaintiff's Civil Rights or Constitutional Rights in such a fashion as would warrant Federal Jurisdiction over this Defendant in this cause.

16. This Defendant would further deny paragraphs 40, 41, 42, 43, 44 and 45 of Plaintiff's Original Complaint as they apply to this Defendant, Irma Cabrera.

17. This Defendant denies paragraph 46 of Plaintiff's Original Complaint as it applies to this Defendant.

18. This Defendant cannot admit or deny to the facts alleged in paragraph 47 of Plaintiff's Original Complaint in as much as the same does not apply to this Defendant.

19. This Defendant cannot admit or deny the allegations contained within Paragraphs 48, 49, 50 or 51 of Plaintiff's Original Complaint in as much as the allegations contained therein are in essence inapplicable to this particular Defendant, Irma Cabrera.

20. This Defendant, Irma Cabrera, would deny the allegations as applied to her contained in paragraph 52 and 53 of the Plaintiff's Original Complaint.

22. This Defendant would state that she cannot admit or deny the allegations contained in paragraph 54 of Plaintiff's Original Complaint in as much as the same does not apply to any allegations against her.

23. This Defendant cannot admit or deny paragraph 55, with the exception of the allegations that Plaintiff was deprived of proper medical care and treatment for the injuries that he sustained and Defendant, Irma Cabrera, would deny such allegations.

24. This Defendant would state that she cannot admit or deny the allegations contained in paragraph 56 of Plaintiff's Original Complaint inasmuch as such allegations do not apply as to her.

25. This Defendant cannot admit or deny the allegations contained in paragraph 57 of Plaintiff's Original Complaint in as much as such allegations do not implicate this Defendant in any unlawful conduct.

26. This Defendant cannot admit or deny the allegations contained in paragraph 58 of Plaintiff's Original Complaint in as much as such allegations do not implicate this Defendant in any unlawful conduct.

27. This Defendant would deny paragraph 59 of Plaintiff's Original Complaint as it applies to her and she cannot admit or deny the balance of the paragraph as it applies to any other Defendant.

28. This Defendant cannot admit or deny the allegations contained in paragraph 60 of Plaintiff's original Complaint in as much as the same has no bearing upon this Defendant.

29. This Defendant would deny the allegations contained in paragraph 61 of Plaintiff's Original Complaint as it applies to her and cannot admit or deny the balance of the allegations as it applies to any other Defendant.

30. The Defendant would deny that she has any responsibility for damages as shown by Paragraph 62 of the Plaintiff's Original Complaint.

31. This Defendant would deny that she has any liability or responsibility for payment of any damages, attorney's fees or interest to Plaintiff or Plaintiff's counsel as set forth in paragraph 63 and 64 of Plaintiff's Original Complaint.

WHEREFORE, PREMISES CONSIDERED, this Defendant, Irma Cabrera, would pray that this court grant a Dismissal of All Claims and causes of action against Irma Cabrera, Defendant herein in as much as Plaintiff's Original Complaint does not state a Federal Jurisdictional cause of action against this Defendant.

Respectfully submitted,

BARKER, LEON & FANCHER, L.L.P.
Tower II - Suite 1200
555 N. Carancahua St.
Corpus Christi, Texas 78478
Telephone: (361) 881-9217
Facsimile: (361) 882-9437

_____
F. Edward Barker
Federal I.D. # 970
Attorneys for Defendant, Irma Cabrera

# CERTIFICATE OF SERVICE

I, F. Edward Barker, certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record, in the manner set forth below, on this the 16TH day of June, 2005.

**VIA E-CERTIFIED MAIL**
Mr. William H. Berry, Jr.
Ms. Gail Dorn
Attorneys at Law
P.O. box 23064
Corpus Christi, Texas 78403

F. Edward Barker