UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERIC A. GONZALES | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. C-05-280 |
| | § | |
| CITY OF CORPUS CHRISTI, Officer | § | JURY |
| M. MORROW, #273, Officer M. GOCE | § | |
| #260; NUECES COUNTY, TEXAS, | § | |
| Deputy D. GARZA, #345__, Deputy J. | § | |
| ESCOBEDO #7347, Deputy C. GOMEZ, | § | |
| Deputy C. CASARES #7172, LT. E.B. | § | |
| HINOJOSA #5679, Sheriff LARRY | § | |
| OLIVAREZ, SR., H.E. BUTT GROCERY | § | |
| COMPANY, H.E.B. GROCERY | § | |
| COMPANY LP, general partner HEBCO | § | |
| GP, and ALFRED VILLARREAL, and | § | |
| IRMA CABRERA | § | |

## ORIGINAL ANSWER OF DEFENDANT
## JOHN PAUL ESCOBEDO

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Defendant John Paul Escobedo, named in the Plaintiff's Original Complaint as "Deputy J. Escobedo #7347"(herein "Defendant Escobedo"), and pursuant to FED. R. CIV. P. 12, files this his Original Answer to the Plaintiff's Original Complaint, and would respond to the allegations in said Complaint as follows:

1. In response to Paragraph 1 of the Plaintiff's Original Complaint, Defendant Escobedo is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 1.

2. In response to Paragraph 2 of the Plaintiff's Original Complaint, Defendant Escobedo admits the allegations contained in the first sentence, and is without knowledge or

information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 2.

3. In response to Paragraph 3 of the Plaintiff's Original Complaint, Defendant Escobedo is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3.

4. In response to Paragraph 4 of the Plaintiff's Original Complaint, Defendant Escobedo is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4.

5. Defendant Escobedo admits the allegations contained in Paragraph 5 of the Plaintiff's Original Complaint.

6. Defendant Escobedo admits the allegations contained in Paragraph 6 of the Plaintiff's Original Complaint.

7. Defendant Escobedo admits the allegations contained in Paragraph 7 of the Plaintiff's Original Complaint.

8. Defendant Escobedo admits the allegations contained in Paragraph 8 of the Plaintiff's Original Complaint.

9. Defendant Escobedo admits the allegations contained in Paragraph 9 of the Plaintiff's Original Complaint.

10. Defendant Hinojosa's correct name is Brenda Lynne Hinojosa. Defendant Escobedo admits the remaining allegations contained in Paragraph 10 of the Plaintiff's Original Complaint.

11. In response to Paragraph 11 of the Plaintiff's Original Complaint, Defendant Escobedo is without knowledge or information sufficient to form a belief as to the truth of the

averments contained in Paragraph 11.

12. In response to Paragraph 12 of the Plaintiff's Original Complaint, Defendant Escobedo is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 12.

13. In response to Paragraph 13 of the Plaintiff's Original Complaint, Defendant Escobedo is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 13.

14. Defendant Escobedo admits to the allegations contained in Paragraph 14 of the Plaintiff's Original Complaint.

15. In response to Paragraph 15 of the Plaintiff's Original Complaint, Defendant Escobedo admits that this Court has subject matter jurisdiction, but denies the remaining averments in Paragraph 15.

16. In response to Paragraph 16 of the Plaintiff's Original Complaint, Defendant Escobedo admits that venue is proper in this Court, but denies the remaining averments in Paragraph 16.

17. In response to Paragraph 17 of the Plaintiff's Original Complaint, Defendant Escobedo is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 17.

18. In response to Paragraph 18 of the Plaintiff's Original Complaint, Defendant Escobedo is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 18.

19. In response to Paragraph 19 of the Plaintiff's Original Complaint, Defendant

Escobedo is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 19.

20. In response to Paragraph 20 of the Plaintiff's Original Complaint, Defendant Escobedo admits that Plaintiff was taken to the Nueces County Jail. Defendant Escobedo admits that the acceptance document has a notation of "ADDH" and "HTN", and the notation, "buy Xanax off the streets". Defendant Escobedo admits that the acceptance document contains notations of "swelling to upper eye lids-abrasion to nose bridge", "sts front tooth broken", and "ice bag to eye lid." Defendant Escobedo admits that the acceptance document contains the notation "was very agitated and angry". Defendant Escobedo admits that the Nueces County Jail accepted the Plaintiff. Defendant Escobedo is without knowledge or information sufficient to form a belief as to the truth of the averment regarding Plaintiff's cigarettes. Defendant Escobedo admits that Plaintiff was placed in a holding cell. Defendant Escobedo is without knowledge or information sufficient to form a belief as to the truth of the averment that Plaintiff asked to make a telephone call, that "because of Plaintiff's disability and medical condition, Plaintiff became very agitated, and was told that they [jail] had turned the telephone off", or that Plaintiff became very upset. Defendant Escobedo admits that Plaintiff "began hitting the telephone receiver". Defendant Escobedo admits that some of the reports state that Plaintiff yelled, and made verbal comments calling the officers names. Defendant Escobedo admits that his report states that he advised Plaintiff that if Plaintiff spit on him, Plaintiff would be charged with a felony. Defendant Escobedo admits that some of the reports reflect that Plaintiff used profanity while in his cell. Defendant Escobedo admits that Plaintiff began kicking the cell door. Defendant Escobedo admits that after Plaintiff became disruptive in his cell, officers entered the cell and placed handcuffs on him. Defendant Escobedo denies all the other averments

contained in paragraph 20. Without limiting the foregoing, Defendant Escobedo specifically denies that the handcuffs were placed on Plaintiff "so tightly that they cut-off the circulation in Plaintiff's hands and wrists", specifically denies that the Nueces County deputies "threw Plaintiff to the floor, beat him about the head and neck, and beat his face against the concrete surfaces" and specifically denies that Plaintiff sustained or suffered any "beating" while in the Nueces County jail.

21. In response to Paragraph 21 of the Plaintiff's Original Complaint, Defendant Escobedo admits that Defendant Cabrera checked Plaintiff. Defendant Escobedo denies the remaining averments contained in Paragraph 21.

22. In response to Paragraph 22 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments in Paragraph 22.

23. In response to Paragraph 23 of the Plaintiff's Original Complaint, Defendant Escobedo admits that reports were prepared by him and by Defendants Gomez, Garza and Casares. Defendant Escobedo admits that he and Defendant Casares placed Plaintiff in the holding cell. Defendant Escobedo admits that Plaintiff began kicking the cell door. Defendant Escobedo admits that Plaintiff began hitting the telephone receiver. Defendant Escobedo is without knowledge or information sufficient to form a belief as to the truth of the allegations that Defendant Garza ordered Plaintiff to place his hands behind his back. Defendant Escobedo admits that Plaintiff began to struggle with Officer Garza, and that they went to the floor. Defendant Escobedo admits that he held Plaintiff by his shoulders, and that he assisted in holding Plaintiff down while they placed hand-cuffs and shackles on Plaintiff. Defendant Escobedo admits that his report shows that he informed Plaintiff that if Plaintiff spit on him, Plaintiff would be charged with a felony. Defendant Escobedo denies the remaining averments in Paragraph 23. Without limiting the foregoing, Defendant

5

Escobedo specifically denies that Plaintiff was beaten or punched, or that the Defendants beat Plaintiff's head against a concrete surface; Defendant Escobedo further specifically denies that any video shows any such conduct.

24. In response to Paragraph 24 of the Plaintiff's Original Complaint, Defendant Escobedo is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 24.

25. In response to Paragraph 25 of the Plaintiff's Original Complaint, Defendant Escobedo admits that while Plaintiff was in the custody and care of the County, the County did not transport Plaintiff to a health care facility outside the Nueces County jail. Defendant Escobedo is without knowledge or information sufficient to form a belief as to the truth of the averment contained in the last sentence of Paragraph 25. Defendant Escobedo denies the remaining averments in Paragraph 25.

26. In response to Paragraph 26 of the Plaintiff's Original Complaint, Defendant Escobedo is without knowledge or information sufficient to form a belief as to the truth of the averments contained in the first four sentences of paragraph 26. Defendant Escobedo denies the remaining averments in Paragraph 26.

27. In response to Paragraph 27 of the Plaintiff's Original Complaint, Defendant Escobedo is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 27.

28. In response to Paragraph 28 of the Plaintiff's Original Complaint, Defendant Escobedo is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 28.

29. In response to Paragraph 29 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 29.

30. In response to Paragraph 30 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 30.

31. In response to Paragraph 31 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 31.

32. In response to Paragraph 32 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 32.

33. In response to Paragraph 33 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 33.

34. In response to Paragraph 34 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 34.

35. In response to Paragraph 35 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 35.

36. In response to Paragraph 36 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 36.

37. In response to Paragraph 37 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 37.

38. In response to Paragraph 38 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 38.

39. In response to Paragraph 39 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 39.

40.  In response to Paragraph 40 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 40

41.  In response to Paragraph 41 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 41.

42.  In response to Paragraph 42 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 42.

43.  In response to Paragraph 43 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 43

44.  In response to Paragraph 44 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 44.

45.  In response to Paragraph 45 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 45.

46.  In response to Paragraph 46 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 46.

47.  In response to Paragraph 47 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 47

48.  In response to Paragraph 48 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 48.

49.  In response to Paragraph 49 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 49.

50.  In response to Paragraph 50 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 50.

51. Defendant Escobedo admits that Escobedo's report contains the statement that if Plaintiff spit on him, Plaintiff would be charged with a felony. Defendant Escobedo denies the remaining averments contained in Paragraph 51.

52. In response to Paragraph 52 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 52.

53. In response to Paragraph 53 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 53.

54. In response to Paragraph 54 of the Plaintiff's Original Complaint, Defendant Escobedo is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 54.

55. In response to Paragraph 55 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 55.

56. In response to Paragraph 56 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 56.

57. In response to Paragraph 57 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 57.

58. In response to Paragraph 58 of the Plaintiff's Original Complaint, Defendant Escobedo is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 58.

59. In response to Paragraph 59 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 59.

60. In response to Paragraph 60 of the Plaintiff's Original Complaint, Defendant

Escobedo is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 60.

61. In response to Paragraph 61 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 61.

62. In response to Paragraph 62 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 62.

63. In response to Paragraph 63 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in Paragraph 63.

64. In response to Paragraph 64 of the Plaintiff's Original Complaint, Defendant Escobedo denies the averments contained in paragraph 64.

## **AFFIRMATIVE DEFENSES**

65. Pleading alternatively and affirmatively, Defendant Escobedo would state that the Plaintiff's Original Complaint fails to state a claim upon which relief can be granted to Plaintiff

66. Pleading alternatively and affirmatively, Defendant Escobedo would state that the Plaintiff's claims are barred in whole or in part by the doctrines of contributory negligence and/or comparative fault.

67. Pleading alternatively and affirmatively, Defendant Escobedo would state that at all times alleged he was acting in good faith and within the scope of his discretionary authority as a deputy for Nueces County, Texas, and thus he is immune from suit and liability under the doctrines of qualified and/or official immunity.

68. Pleading alternatively and affirmatively, Defendant Escobedo did not at any time act with malice, deliberate or conscious indifference, or with callous disregard toward Plaintiff, and

thus he is not liable for any punitive or exemplary damages. In the unlikely event that the Court or Jury determines that punitive or exemplary damages are to be awarded, Defendant Escobedo invokes all federal and state statutory, common law, and constitutional limitations on such damages.

WHEREFORE, PREMISES CONSIDERED, Defendant John Paul Escobedo prays that Plaintiff take nothing by his suit and that Defendant Escobedo go hence with his costs; Defendant Escobedo further prays for such other and further relief, legal or equitable, general or special, to which he may be entitled.

Respectfully submitted,

s/ Jorge C. Rangel
Jorge C. Rangel
**Attorney-in-Charge**
Federal ID No. 5698
State Bar No. 16543500
THE RANGEL LAW FIRM, P.C.
615 Upper N. Broadway, Ste. 2020
Corpus Christi, Texas 78403-2683
Telephone: 361.883.8500
Facsimile: 361.883.2611

OF COUNSEL:

**THE RANGEL LAW FIRM, P.C.**
615 Upper N. Broadway Suite 2020
Corpus Christi, Texas 78403-2683
Telephone: 361.883.8500
Facsimile: 361.883.2611

**ATTORNEYS FOR DEFENDANTS, BRENDA LYNNE HINOJOSA, DANIEL V. GARZA, JOHN PAUL ESCOBEDO, CHRISTOPHER ALLEN GOMEZ, CARLOS CASARES**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record listed below on this 24th day of June, 2005

| | |
|---|---|
| William H. Berry, Jr. | _____ Via Hand Delivery |
| Gail D. C. Dorn | _____ Via Regular U.S. Mail |
| Attorneys at Law | _X_ Via CMRRR |
| P. O. Box 23064 | _____ Via Telecopy |
| Corpus Christi, Texas 78403 | |
| | |
| Mr. Cliff Gordon | _____ Via Hand Delivery |
| Huseman & Pletcher | _____ Via Regular U.S. Mail |
| 600 Leopard Street, Suite 2100 | _X_ Via CMRRR |
| Corpus Christi, Texas 78473 | _____ Via Telecopy |

s/ Jorge C. Rangel
Jorge C. Rangel