```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF TEXAS
                 CORPUS CHRISTI DIVISION
```

| | |
|---|---|
| ERIC A. GONZALES, | § |
| | § |
|     Plaintiff, | § |
| | § |
| vs. | §   C.A. NO. C-05-280 |
| | § |
| CITY OF CORPUS CHRISTI, | § |
| et al, | § |
| | § |
|     Defendants. | § |

### ORDER GRANTING IN PART, DENYING IN PART, DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pending is the motion for partial summary judgment filed by defendant Matthew Morrow (Morrow)(D.E. 68), to which plaintiff has filed a response (D.E.70). For the reasons stated below, the Court GRANTS IN PART, DENIES IN PART, the motion for summary judgment.

### I.  JURISDICTION

The Court has federal question jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction to hear plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### II.  BACKGROUND AND PLAINTIFF'S ALLEGATIONS

On June 3, 2004, Morrow and Officer Goce, police officers employed by the Corpus Christi Police Department (CCPD), detained, and then arrested plaintiff following a report of a disturbance at an HEB grocery store. Plaintiff was taken to the Nueces County Jail, booked, placed in a cell, and released the following morning.

On June 5, 2004, plaintiff filed this civil rights action

against Morrow, the City of Corpus Christi, Nueces County, and other individual defendants complaining of his arrest and detention. See D.E. 1.  As to Morrow in particular, plaintiff claims that Morrow unlawfully detained and arrested him, used excessive force against him, and denied him adequate medical attention, in violation of his Fourth, Fifth, and Fourteenth amendment rights. Id. at ¶¶ 30-35.  Plaintiff also claims that Morrow violated the Americans With Disabilities Act (ADA) because he failed to recognize that plaintiff suffers from a severe disability and failed to accommodate plaintiff during his detention and arrest. Id. at ¶¶ 53-54.  In addition, plaintiff claims that Morrow conspired with other law officers to violate his civil rights during his arrest and while in custody at the Nueces County Jail. Id. at ¶ 55.  Finally, plaintiff sues Morrow for intentional infliction of emotional distress. Id. at ¶ 59.  Plaintiff seeks unspecified actual and exemplary damages.

### III. **SUMMARY JUDGMENT EVIDENCE**

In support of his motion for summary judgment, Morrow offers the following summary judgment evidence:

    Ex. 1:    Excerpts from plaintiff's deposition transcript;

    Ex. 2:    CCPD Resistance/injury report dated 6/3/05;

    Ex. 3:    Morrow's Affidavit; and

    Ex. 4:    CCPD Offense report dated 6/3/04.

In his summary judgment response, D.E. 70, plaintiff

references exhibits 1-30, filed in this case at D.E. 67, and exhibits 32-39, filed at D.E. 70.  The following facts are not in dispute:

On June 3, 2004, plaintiff was at an H.E.B. grocery store on Kostoryz Road in Corpus Christi, Texas, attempting to purchase cigarettes.  Plaintiff's depo. at 13-15.  Plaintiff was 28 cents short, and he told the clerk he would be right back with the rest of the money.  Id. at 13.  The clerk said "no," and plaintiff tossed the pack of cigarettes back to her.  Id.  Once outside, plaintiff saw a friend, John Adams.  Id.  Plaintiff asked Adams to get some more money while plaintiff waited.  Id.  As plaintiff was waiting outside, an HEB employee approached him and asked what he was doing.  Id. at 14.  Plaintiff explained that he was waiting for additional money to purchase cigarettes.  Id.  The HEB employee told plaintiff to purchase the cigarettes from the gas station, and plaintiff said "fine."  Id. at 15. Adams returned with the additional money, and plaintiff purchased the cigarettes from the gas station.  Id.

Morrow was on duty on June 3, 2004.  Morrow Aff't at ¶ 4. Over the police radio, he heard a dispatched call regarding a disturbance involving an unknown male subject at the Kostoryz Road HEB.  Id.  He responded to the call, and was the first officer to arrive at the HEB location.  Id.  An HEB employee advised Morrow that the male subject, later identified as plaintiff Eric Gonzales,

was at the gas pump area.  Id. at ¶ 5.  Morrow accosted plaintiff and began questioning him.  Id.  Shortly thereafter, Officer Goce arrived and joined the questioning.  Id. at ¶¶ 7.  During a pat-down, plaintiff's pants began falling down, and he reached behind him to pull them up.  Plaintiff's depo. at 18-19.  The officers instructed plaintiff to stop reaching behind him, and a dispute arose.  Morrow Aff't at ¶ 7.  Morrow used force to secure plaintiff in hand restraints.  Plaintiff's depo. at 19-20; Morrow Aff't at ¶ 8.  Officer Goce did not hit plaintiff.[1]

Plaintiff was arrested for resisting a search/detention. D.E. 68, Ex. 2, CCPD Resistance/Injury Report.  Officer Goce transported plaintiff to the Nueces County Jail.  Id.  Plaintiff was released later the following morning.  Plaintiff's depo. at 31.

Plaintiff went to the emergency room for treatment of injuries following his arrest and detention at the Jail.  Plaintiff's depo. at 31; D.E. 70, Ex. 14 (Spohn ER records).

## IV.   SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56 states that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact."  Fed. R. Civ. P. 56(c).  In the face of a properly

---

[1] On September 30, 2005, Officer Goce was dismissed from this lawsuit.  See D.E. 63.

supported motion for summary judgment, a plaintiff "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also Schaefer v. Gulf Coast Reg'l Blood Ctr., 10 F.3d 327, 330 (5th Cir. 1994).  The non-movant's burden is not satisfied by conclusory allegations, unsubstantiated assertions, or some metaphysical doubt as to the material facts.  Willis v. Roche Biomedical Lab., Inc., 61 F.3d 313, 315 (5th Cir. 1995); see also Brown v. Houston, 337 F.3d 539, 541 (5th Cir. 2003) (stating that "improbable inferences and unsupported speculation are not sufficient to [avoid] summary judgment").

When the parties have submitted evidence of conflicting facts, however, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Willis, 61 F.3d at 315.  Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the nonmoving party, no reasonable jury could return a verdict for that party. See, e.g., Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 399 (5th Cir. 2000) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  "That the movant appears more likely to prevail at trial is no reason to grant summary judgment; it is not the province of the court on a motion for summary judgment to weigh the evidence, assess its probative value, or decide factual issues."

Byrd v. Roadway Exp., Inc., 687 F.2d 85, 87 (5th Cir. 1982); Aubrey v. School Bd. of Lafayette, 92 F.3d 316, 318 (5th Cir. 1996).

## V.   DISCUSSION

### A.   Section 1983 Claims

#### 1.   Qualified Immunity

Morrow argues that he is entitled to summary judgment in his favor based on qualified immunity.

State officers and officials may be shielded from § 1983 liability for civil damages if their actions did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Hope v. Pelzer, 536 U.S. 730, 739 (2002); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity operates to ensure that, before officials are subjected to suit, they are on notice that their conduct is unlawful. Saucier v. Katz, 533 U.S. 194, 206 (2001). The qualified immunity determination involves a two-step analysis: whether the official violated a clearly established constitutional right and, if so, whether the official's conduct was objectively reasonable. Martinez v. Texas Dep't of Criminal Justice, 300 F.3d 567, 576 (5th Cir. 2002). Qualified immunity protects officers from liability in their individual capacity only. Foley v. Univ. of Houston Sys., 324 F.3d 310, 314 n.6 (5th Cir. 2003). The issue of qualified immunity is ordinarily one of law for the court to decide. Hunter v. Bryant, 502 U.S. 224, 228 (1991).

**2.   Plaintiff's claims and immunity analysis**

    **a.   Unlawful Detention**

Plaintiff claims that Morrow "did not have reasonable suspicion to detain and question" him.  D.E. 70 at 11.

It is well-settled Fourth Amendment law that police officers "may stop and briefly detain an individual for investigative purposes if they have reasonable suspicion that criminal activity is afoot."  Goodson v. City of Corpus Christi, 202 F.3d 730, 736 (5th Cir. 2000); Terry v. Ohio, 392 U.S. 1, 30 (1968).  Reasonable suspicion means suspicion that is "supported by particular and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant an intrusion."  United States v. Michelletti, 13 F.3d 838, 840 (5th Cir. 1994) (en banc).  The officer must have something more than a "hunch," but need not have suspicion rising to the level of probable cause.  Goodson, 202 F.3d at 736.  Whether or not an officer has reasonable suspicion must be judged "in light of the totality of the circumstances confronting [the] officer, including all information available to the officer at the time of the decision to stop a person."  Id. at 737 (quoting United States v. Silva, 957 F.2d 157, 160 (5th Cir. 1992)).

In this case, Morrow received a dispatch that there was a disturbance at an HEB grocery store involving an unknown male subject.  Morrow Aff't at ¶ 4.  The caller related that the male

subject had scared a store clerk because she would not sell him cigarettes. D.E. 68, Ex. D, CCPD Offense report. At the scene, Morrow talked to an HEB employee and learned that the male subject was at the store's gas pumps area. Morrow Aff't at ¶ 4. Morrow then proceeded to the gas pump area to interview plaintiff. Id. at ¶ 5.

The dispatch and the discussion with the HEB employee provided Morrow with reasonable grounds for suspecting that plaintiff was causing a disturbance or was engaging in criminal trespass by refusing to leave the grocery store premises after being asked to depart. See Tex. Pen. Code § 30.05. Although plaintiff denies causing a disturbance at the HEB and denies that he was asked to leave the premises, the Fourth Amendment inquiry looks only to the facts available *to the officer* at the time of the detention. Thus "reasonable suspicion is not defeated by an after-the-fact showing that the information supporting reasonable suspicion was false." United States v. De Leon-Reyna, 898 F.2d 486, 489-90 (5th Cir. 1990). Indeed, the searching officer need not personally observe all the facts giving rise to reasonable suspicion. See Adams v. Williams, 407 U.S. 143, 147 (1972) (rejecting the contention that an officer can rely only on his own personal observations in forming reasonable suspicion); United States v. Maestas, 941 F.2d 273, 278 (5th Cir. 1991) (same). Here, Morrow was entitled to rely on the dispatch as well as the HEB employee in forming his

suspicion. <u>Adams</u>, 407 U.S. at 146-47. <u>See</u> <u>also</u> <u>United States v. Basey</u>, 816 F.2d 980, 989 (5th Cir. 1987) (reliance on third-party information is justified where making a false complaint to the peace officer would subject the informant to criminal and civil liability); <u>see</u> <u>also</u> Tex. Pen. Code § 37.08(a)(1). Based on the facts of this case, Morrow had reasonable suspicion to detain plaintiff. According, Morrow's motion for summary judgment on plaintiff's unlawful detention claim is GRANTED.

### 3. Unlawful Arrest

Plaintiff next complains that his arrest was not supported by probable cause and was, therefore, unlawful. D.E. 70 at 11, 15. Under the Fourth Amendment, an "arrest is unlawful unless it is supported by probable cause." <u>Flores v. City of Palacios</u>, 381 F.3d 391, 402 (5th Cir. 2004). "Probable cause exists when the totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." <u>Id</u>. (quoting <u>United States v. Levine</u>, 80 F.3d 129, 132 (5th Cir. 1996). As the Supreme Court has noted: probable cause is a fluid concept--turning on the assessment of probabilities in particular factual contexts--not readily, or even usefully, reduced to a neat set of legal rules." <u>Illinois v. Gates</u>, 462 U.S. 213, 232 (1983).

Morrow argues that he had probable cause to arrest plaintiff

for resisting search or arrest because plaintiff took a "frightening stance" and resisted the officers with his physical strength. Morrow Aff't at ¶¶ 7-8. Under Texas Penal Code § 38.03(a), a person commits an offense if he "intentionally prevents or obstructs a person he knows is a peace officer . . . from effecting an arrest [or] search . . . by using force against the peace officer or another." Tex. Pen. Code § 38.03(a). In response, plaintiff offers the affidavit of Joey Martin, an eyewitness to the incident, who testified that plaintiff did not resist the police officers, but only reached down to pull up his pants. D.E. 70, Ex. 31. A genuine issue of fact exists as to whether plaintiff intentionally obstructed Morrow from searching or arresting him. Morrow is not entitled to qualified immunity on this claim, and his motion for summary judgment is DENIED.

### 4. Excessive Force

Plaintiff claims that Morrow used excessive force against him when attempting to search and/or arrest him. In particular, plaintiff claims that Morrow hit him with his fist, and then, after plaintiff said he would sue him, Morrow struck plaintiff with his baton across his head. Plaintiff's depo. at 18. Plaintiff testified that he did not hit, push, or struggle against Morrow. Id. at 19.

A claim of excessive force turns on whether the force used was "objectively reasonable." Graham v. Connor, 490 U.S. 386, 394-95

(1989). In particular, a plaintiff must show that he "suffered (1) an injury that (2) resulted directly and only from the use of force ... and that (3) the force used was objectively unreasonable." Flores v. City of Palacios, 381 F.3d 391, 396 (5th Cir. 2004); Goodson v. City of Corpus Christi, 202 F.3d 730, 740 (5th Cir. 2000). The Court must judge the reasonableness of the force "from the perspective of a reasonable officer on the scene . . . [and allow] for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving." Graham, 490 U.S. at 396-97. In evaluating reasonableness, a court "must balance the amount of force used against the need for force." See, e.g., Flores, 381 F.3d at 399; Ikerd v. Blair, 101 F.3d 430, 434 (5th Cir. 1996). Factors relevant to this evaluation include: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396.

According to plaintiff, he cooperated with the officers and did not provoke or resist them, yet Morrow hit him on the head at least twice. In addition, plaintiff was not suspected of a serious crime. A genuine issue of a material fact exists as to the reasonableness of the force employed by Morrow, and his motion for summary judgment on this claim is DENIED.

### 5.     Right to Medical Care

Plaintiff complains that Morrow denied him necessary medical care following the use of force. To succeed on a claim for denial of medical care, the plaintiff must prove that the official acted with deliberate indifference to serious medical needs. See, e.g., Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir. 1999); Wilson v. Seiter, 501 U.S. 294, 303 (1991). A plaintiff must present evidence that he had a medical need that was "obvious to the layperson or supported by medical evidence, like a physician's diagnosis." See Olabisiomotosho, 185 F.3d at 526; Blackmore v. Kalamazoo County, 390 F.3d 890, 897 (6th Cir. 2004); Zentmyer v. Kendall County, 220 F.3d 805, 810 (7th Cir. 2000). A plaintiff must also prove that the defendant responded with deliberate indifference to that need. The Fifth Circuit has noted that "[d]eliberate indifference is an extremely high standard to meet." Domino v. Texas Dept. of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference requires more than mere negligence on the part of officials. See Hare v. City of Corinth, 74 F.3d 633, 647-48 (5th Cir. 1996); Farmer v. Brennan, 511 U.S. 825, 837 (1994). Rather, it requires that officials be both "*aware* of a substantial risk of serious harm" and deliberately fail to act in response to that risk. Hare, 74 F.3d at 648.

When plaintiff was processed at the jail, intake personnel noted that he had some form of injury to his left eye. D.E. 67,

Ex. 6. However, there is no evidence that plaintiff complained to Morrow of needing medical care following the use of force. Plaintiff does not state that he was bleeding or suffering from any injuries following his encounter with Morrow, and in fact, he testified that he did not know whether he had any swelling, puffiness, or visible injuries. D.E. 67, Ex. 29, plaintiff's depo. at 37. Moreover, following the arrest, plaintiff was transported to jail by Officer Goce. There is no evidence that plaintiff complained to Officer Goce of being in pain or that he had suffered injuries requiring medical attention, nor was there anything about plaintiff's demeanor or appearance that caused Officer Goce to believe that medical attention was necessary. Similarly, once at the jail, there is no evidence that plaintiff was in obvious need of immediate medical attention. Plaintiff's argument that it would have been more reasonable for Morrow to take him to the hospital rather than the jail[2] does not equate to deliberate indifference. Therefore, Morrow's motion for summary judgment on plaintiff's denial of medical care claim is GRANTED.

**B. Conspiracy to Violate Civil Rights**

Plaintiff claims that Morrow conspired with Officer Goce, an HEB employee, Alfred Villarreal, and HEB to violate his civil rights in violation of 42 U.S.C. § 1985. In order to prove a conspiracy, plaintiff must present evidence from which a jury could

---

[2] See D.E. 70 at 22, 24.

find the existence of an "agreement" between two or more persons to violate plaintiff's civil rights. Green v. State Bar of Texas, 27 F.3d 1083, 1089 (5th Cir. 1994); Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994). It is well settled that "mere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy." McAfee v. 5th Circuit Judges, 884 F.2d 221 (5th Cir. 1989).

Plaintiff complains that the altercation with Morrow occurred shortly after Morrow spoke with an HEB employee. D.E. 70 at 23. However, it is obvious that Morrow spoke to the HEB employee in the context of responding to the disturbance call. Plaintiff offers no evidence from which a jury could infer that an agreement existed between Morrow and the HEB employees to violate plaintiff's civil rights. Therefore, Morrow's motion for summary judgment on plaintiff's conspiracy claim is GRANTED.

## C.  Violation of the Americans with Disabilities Act ("ADA")

Plaintiff claims that Morrow violated the Americans with Disabilities Act ("ADA"). As noted in this Court's previous summary judgment Order (D.E. 73), a government official cannot be sued in his or her individual capacity for a violation of the ADA. The ADA statute provides that:

> . . . no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a *public entity*, or be subjected to discrimination *by any such entity*.

42 U.S.C.A. § 12132 (emphasis supplied). The term "public entity" is defined as "any State or local government . . . [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C.A. § 12131. Thus the statute does not contemplate holding officers liable in their individual capacities.

Fifth Circuit case law dictates this same conclusion. In Lollar v. Baker, 196 F.3d 603 (5th Cir. 1999), the Fifth Circuit interpreted the Rehabilitation Act, which contains similar language to the ADA.[3] The Lollar court concluded that the statutory language prohibited a plaintiff from bringing a Rehabilitation Act claim against a government official in his individual capacity. Id. at 609. Similarly, Lollar held that a plaintiff could not avoid that bar by suing the individual for an Rehabilitation Act violation under § 1983. Id. at 609.

Although Lollar was decided under the Rehabilitation Act, it also forecloses any attempt to sue a government official individually under the ADA. The ADA and the Rehabilitation Act are essentially identical in scope. See, e.g., Pace v. Bogalusa City School Bd., 403 F.3d 272, 287-88 (5th Cir. 2005); Hainze v. Richards, 207 F.3d 795, 799 (5th Cir. 2000); see also 42 U.S.C.A.

---

[3] The Rehabilitation Act provides, in relevant part, that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

§ 12133 (stating that the "remedies, procedures, and rights set forth in section 794a of Title 29 shall be the remedies, procedures, and rights this subchapter provides"). "[B]ecause the rights and remedies under both statutes are the same, case law interpreting one statute can be applied to the other." Pace, 403 F.3d at 287-88. Thus, the reasoning of Lollar applies with equal force to the ADA and bars a plaintiff from suing a government official in his or her individual capacity.[4] Morrow's motion for summary judgment on this claim is therefore GRANTED.

### D. Intentional Infliction of Emotional Distress

Plaintiff's final claim against Morrow is a state law claim for intentional infliction of emotional distress. In order to establish this claim, a plaintiff must prove: (1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the defendant's actions caused the plaintiff emotional distress, and (4) the emotional distress suffered by the plaintiff was severe." Mattix-Hill v. Reck, 923 S.W.2d 596, 597 (Tex. 1996) (citing Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993). Outrageous conduct should be found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as

---

[4] Several other circuits have reached this same conclusion. See, e.g., Holbrook v. City of Alpharetta, 112 F.3d 1522 (11th Cir. 1997); Alsbrook v. City of Maumelle, 184 F.3d 999, 1010-11 (8th Cir. 1999) (en banc).

atrocious, and utterly intolerable in a civilized community." Twyman, 855 S.W.2d at 621. In analyzing whether certain conduct is extreme and outrageous, "courts consider the context and the relationship between the parties." GTE Southwest, Inc. v. Bruce, 998 S.W.2d 605, 612 (Tex. 1999). "The extreme and outrageous character of the conduct may arise from an abuse by the actor of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interests." Id. (quoting Restatement (Second) of Torts § 46 cmt. (e)). However, the fact that "an action is intentional, malicious, or even criminal does not, standing alone, mean that it is extreme or outrageous for purposes of intentional infliction of emotional distress." Brewerton v. Dalrymple, 997 S.W.2d 212, 215 (Tex. 1999).

The Texas Supreme Court has expressed reservations in finding a single or isolated instance of malicious conduct sufficient to meet the extreme and outrageous standard:

> Occasional malicious and abusive incidents should not be condoned, but must often be tolerated in our society. But once conduct . . . becomes a regular pattern of behavior and continues despite the victim's objection and attempts to remedy the situation, it can no longer be tolerated. It is the severity and regularity of . . . abusive and threatening conduct that brings [it] into the realm of extreme and outrageous conduct. Conduct such as being regularly assaulted, intimidated, and threatened . . . [should not] be accepted in a civilized society.

GTE Southwest, 998 S.W.2d at 617. However, excessive police conduct in and of itself can meet the standard of extreme and

outrageous conduct.  See, e.g., Kersh v. Derozier, 851 F.2d 1509, 1514 (5th Cir. 1988) (jury could find extreme and outrageous conduct where police engaged in a false and pretextual arrest motivated by vindictiveness); Hutchison v. Brookshire Bros., Ltd., 205 F.Supp.2d 629, 642 (E.D. Tex. 2002) (jury could find extreme and outrageous conduct where an officer threatened plaintiff with arrest if he did not siphon ten gallons of gasoline from his car).

Here, plaintiff has presented evidence that Morrow hit him multiple times in the head with his fist and baton, and he claims that he was not resisting the officers when the use of force was employed.  D.E. 67, Ex. 29, plaintiff's depo. at 69-72; Martin Aff't.  Moreover, the fact that Morrow occupies a position of public trust and had authority over plaintiff at the time of the use of force renders the conduct less defensible, if true.  See GTE Southwest, 998 S.W.2d at 612.  Viewing this evidence in the light most favorable to the plaintiff, a genuine issue of a material fact exist as to whether Morrow's conduct was extreme and outrageous.  Therefore, Morrow is not entitled to immunity on plaintiff's claim of intentional infliction of emotional distress, and his motion for summary judgment on that claim is DENIED.

## VI.  CONCLUSION

For the reasons discussed above, Morrow's motion for summary judgment (D.E. 68) is GRANTED IN PART, DENIED IN PART.  Summary judgment is GRANTED with respect to plaintiff's unlawful detention,

§ 1985 conspiracy, ADA, and deliberate indifference claims against Officer Matthew Morrow in his individual capacity.  Summary judgment is DENIED with respect to the unlawful arrest, excessive force, and intentional infliction of emotional distress claims.

SIGNED and ENTERED this 25th day of January, 2006.

*Janis Graham Jack*
_____
Janis Graham Jack
United States District Judge