IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERIC A. GONZALES | § § | |
| vs. | § § § | Civil Action No. C-05-280 |
| CITY OF CORPUS CHRISTI; Officer M. MORROW, #273; Officer M. GOCE, #260; NUECES COUNTY, TEXAS; Deputy D. GARZA, #345_; Deputy J. ESCOBEDO #7347; Deputy C. GOMEZ; Deputy C. CASARES, #7172; LT. E.B. HINOJOSA, #5679; Sheriff LARRY OLIVAREZ. SR.; H.E. BUTT GROCERY COMPANY, H.E.B. GROCERY COMPANY LP, general partner HEBCO GP; ALFRED VILLARREAL; and IRMA CABRERA | § § § § § § § § § § § § § | JURY DEMAND |

## DEFENDANTS NUECES COUNTY AND SHERIFF LARRY OLIVAREZ' MOTIONS FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Nueces County and Sheriff Rebecca Stutz, successor in office to Larry Olivarez, file this their Motion for Summary Judgment under Federal Rule of Civil Procedure 56, and pursuant to the same would respectfully show the Court as follows:

1. The Plaintiff in this case has asserted claims based on federal law under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988, 42 U.S.C. § 12101, and common law claims under *Bivens*. The Plaintiff has also asserted claims based on the common law of the State of Texas (including slander, libel, intentional infliction of emotional distress, and negligence). On November 9, 2005, this Court ruled in favor of the County and Sheriff on plaintiff's § 1983 medical care claims against the County and Sheriff, as well as all state law claims against the

County and Sheriff. Currently pending are claims against the County and Sheriff for excessive force and for ADA violations.

2. Gonzales arrived at the Nueces County Jail garage at 3:18 p.m. on June 3, 2004 in a police cruiser accompanied by one Corpus Christi police officer.[1] After exiting the police car, Gonzales entered the Nueces County Jail facility. After entering the jail facility, Gonzales' handcuffs were removed, he was searched, and he removed his shoes.[2] After Gonzales' property was checked in by jail personnel, Gonzales was escorted directly to the medical screening area.[3] Defendant Gomez attempted to elicit some information from Gonzales regarding his mental health, but Gonzales was uncooperative.[4] Although Gonzales was uncooperative, the medical personnel on duty at the jail, Irma Cabrera, performed an initial screening of Gonzales, and then he was accepted into the jail.[5] Plaintiff never requested any special treatment because of his alleged Attention Deficit Disorder. Plaintiff's depo., 39. After the medical screening, Gonzales was escorted to holding cell #12 at the Nueces County Jail at approximately 3:28 p.m.[6] A digital video camera is located in the holding cell where Gonzales was placed, and recorded the incident which forms the basis of Gonzales' claims against the Individual Nueces County Defendants. The incident in question is depicted on the digital video disc Exhibit "B", video clip IA040037-7 (camera 38H). Immediately upon entering the cell, Gonzales turned around and made motions

---

[1] There is a Digital Datacatch video disc attached hereto as Exhibit "B" that contains video images from the time of Gonzales' arrival at the Nueces County Jail throughout his stay on 6/3/04 and 6/4/04; this video disc is self-initiating and includes its own viewer; load the disc into the cd-rom drive and wait for it to activate; to view a selection, simply point the icon at the appropriate clip identification number and click the mouse on your computer; See clips IA0400037-1(camera 4-N) and IA040037-2 (camera 5-N).
[2] See Exhibit "B"; video clips IA040037-3 (camera 8-IN) and IA040037-4 (camera 9-IN).
[3] See Exhibit "B"; video clips IA040037-5 (camera 10B) and IA040037-6 (camera 16B).
[4] See Exhibit "C" (Nueces County Mental Disability/Suicide Intake Screening form).
[5] See Exhibit "D" (Acceptance form).
[6] See Exhibit "B"; video clip IA 040037-6 (camera 16B) at 3:29 p.m.

like he was attempting to hit the officers.[7] After the door closed, Gonzales proceeded to kick the hard metal door at least twelve (12) times with his bare feet.[8] Gonzales then punched the door window, and hit one of the other windows.[9] Gonzales then went to the window and proceeded to make obscene gestures to those outside the cell.[10] Gonzales then went to the telephone unit on the wall in the cell, removed the receiver, and immediately proceeded to hit the receiver on the main telephone unit several times.[11] Plaintiff said he did so because he "as just like getting kind of angry because I just got beat up for no reason." Plaintiff's depo., 26. At no time did Gonzales attempt to use the telephone. Nueces County officer deputy Daniel Garza opened the cell door and told Gonzales several times to put his hands behind his back and lay down on the floor.[12] Gonzales refused to comply, so officer Garza entered the cell and began to move toward Gonzales.[13] Rather than comply with the officer's commands, Gonzales hung up the telephone receiver and started to move away from the officer toward the wall of the cell.[14] Just before officer Garza reached him, Gonzales started to go down to the floor near a small raised ledge in the cell. Officer Garza went to the floor with Gonzales, and attempted to hold him down.[15] Officers Escobedo, Casares, and Gomez (three of the Individual Nueces County Defendants) then entered the cell to assist in restraining Gonzales.[16] Gonzales continued to resist and use profanity toward the officers. Handcuffs and leg irons were then placed on Gonzales, which were

---

[7] See Exhibit "B"; video clip IA040037-7 (camera 38H).
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] See Exhibit "E" (Use of Restraint/Injury Report form filled out by officer Garza).
[13] See Exhibit "B"; video clip IA040037-7 (camera 38H).
[14] *Id.*
[15] *Id.* at 3:31 p.m.
[16] *Id.*

checked and cleared by the jail medical personnel, Irma Cabrera.[17] Gonzales does not claim that there were any other incidents during this stay at the Nueces County Jail that form the basis of his claims in this lawsuit against the Nueces County or its Sheriff.

3. All of the Exhibits attached to the Nueces County Deputies' summary judgment motion regarding qualified immunity are incorporated herein by reference as if they were fully set forth at length.

4. According to FED. R. CIV. P. 56(c) provides that "summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The movant for summary judgment [typically] bears the initial burden of informing the Court of the basis for its motion and demonstrating that the absence of a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2553 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988). The movant's burden is "only [to] point out the absence of evidence supporting the nonmoving party's case." *Shotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992). The party with the burden of proof must set forth specific facts showing the existence of a genuine issue for trial. *Celotex Corp.*, 106 S.Ct. at 2552; *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2514 (1986); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). When the movants have satisfied their initial burden, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995).

---

[17] *Id.* at 3:32 p.m.; See also Exhibit "F" referenced below.

5. Local governments are not liable under a theory of respondeat superior for the alleged unconstitutional acts of their employees unless the violation occurred because of the implementation or enforcement of a policy officially adopted and promulgated. *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 690-91 (1978); *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). There is no evidence to show such liability.

6. Regarding his ADA claim, plaintiff must present summary judgment evidence that (1) he is a qualified individual (2) who was excluded from participation in or denied the benefits of services, programs, or activities of a public entity, and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability. *Lightbourn v. County of El Paso, Texas*, 118 F.3d 421, 428 (5th Cir.1997), cert. denied, 522 U.S. 1052 (1998). Plaintiff fails to show that he is a "qualified person" with a "disablity" for purposes of the ADA within the context of this litigation. 42 U.S.C. § 12131. Plaintiff alleges defendants failed to accommodate him or to provide adequate care and treatment related to his reported ADD, but he fails to allege any damages therefrom. Plaintiff's own testimony shows that he was not receiving regular treatment prior to his incarceration. Plaintiff has no evidence that he was excluded from or denied benefits and accommodations and proper mental evaluation and treatment because of his alleged disability. If plaintiff is alleging that ADD caused him to be a disruptive prisoner, the allegation provides no grounds for exempting him from the jail's normal discipline requirements. *Bercovitch v. Baldwin School, Inc.*, 133 F.3d 141 (5th Cir. 1998). If he is alleging his conduct did not warrant jailer intervention, then his self-reported ADD status would be beside the point. There is no evidence of any intentional discrimination because of a disability.

WHEREFORE, PREMISES CONSIDERED, Nueces County and Sheriff Larry Olivarez request that this Court grant their Motion for Summary Judgment, dismiss all of the claims of the Plaintiff against them, and enter a final judgment, and for such other and further relief to which they may be justly entitled.

Respectfully submitted

*Cliff Gordon with permission of*
Van Huseman
Fed Bar # 1167
**HUSEMAN PLETCHER, P.C.**
600 Leopard Suite 2100
Corpus Christi, Texas 78473
TEL: (361) 883-3563
FAX: (361) 883-0210

ATTORNEY IN CHARGE FOR SHERIFF
REBECCA STUTZ

*Cliff Gordon with permission of*
Paul Dodson
Fed Bar # 348
**HUSEMAN PLETCHER, P.C.**
600 Leopard Suite 2100
Corpus Christi, Texas 78473
TEL: (361) 883-3563
FAX: (361) 883-0210

ATTORNEY IN CHARGE FOR NUECES COUNTY

OF COUNSEL:

**HUSEMAN PLETCHER, P.C.**
600 Leopard Suite 2100
Corpus Christi, Texas 78473
TEL: (361) 883-3563
FAX: (361) 883-0210

# CERTIFICATE OF SERVICE

By affixing my signature below, I certify that a true copy of the foregoing document was delivered to the following attorneys in accordance with the Federal Rules of Civil Procedure on the 17th day of March, 2006.

William H. Berry
Gail D.C. Dorn
P. O. Box 23064
Corpus Christi, TX 78403-3064

Carol Estes Bray
P. O. Box 9277
Corpus Christi, TX 78469-9277

Jorge C. Rangel
The Rangel Law Firm P.C.
615 Upper North Broadway Ste. 2020
Corpus Christi, TX 78403-2683

James F. McKibben Jr.
1000 Tower II, 555 N. Carancahua
Corpus Christi, TX 78478

Douglas E. Chaves
802 N. Carancahua Suite 2100
Corpus Christi, TX 78470

F. Edward Baker
555 North Carancahua Suite 1200
Corpus Christi, TX 78478

Mr. Ron Barroso
5350 S. Staples Suite 401
Corpus Christi, TX 78411

_____
Van Huseman

F-DRIVE:PAUL:Client:Gonzales v. NuCo:MSJ on liability.doc