**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| ERIC A. GONZALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. NO. C-05-280 |
| | § | |
| CITY OF CORPUS CHRISTI, | § | |
| et al, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On this day came on to be considered Defendants H.E. Butt Grocery Company, H.E.B. Grocery Company, L.P., General Partner HEBCO GP, and Alfred Villarreal's Motion for Summary Judgment (D.E. 93). For the reasons stated below, the Court GRANTS the Defendants' motion for summary judgment.

## I. JURISDICTION

The Court has federal question jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction to hear Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## II. BACKGROUND

In this action, Plaintiff Eric Gonzales ("Plaintiff") claims that his constitutional rights were violated in a series of incidents that occurred on June 3, 2004, during Plaintiff's arrest and detention. With respect to Defendants H.E. Butt Grocery Company, H.E.B. Grocery Company, L.P., General Partner HEBCO GP,

(collectively "HEB") and HEB employee Alfred Villarreal ("Villarreal") in particular, Plaintiff asserts claims of negligence, intentional infliction of emotional distress, slander, libel, and conspiracy to violate Plaintiff's civil rights. (Pl.'s Orig. Compl. ("POP") at ¶¶ 55, 57-60.) The following facts are not in dispute:

On June 3, 2004, Plaintiff was at the HEB store on 4444 Kostoryz Road, Corpus Christi, Texas, attempting to purchase some cigarettes. (Pl.'s Depo. ("PD") at p. 10-11.) Plaintiff was 28 cents short, however, and told the clerk he would be right back with the rest of the money. (PD at p. 12-13.) The HEB clerk said "no," and Plaintiff "tossed" the pack of cigarettes back to her. (PD at p. 13-14.) Plaintiff then located an acquaintance and asked him to retrieve money from Plaintiff's apartment while he waited outside the store. (PD at p. 13.) Following Plaintiff's departure from the store, HEB employee Daniel Connor instructed a fellow employee to call the police regarding Plaintiff. (Def.'s Ex. ("DE") 3 at p. 1.) The employee called the police and informed them that Plaintiff had scared a clerk because she would not sell him some cigarettes. (DE 2, 3.)

While Plaintiff was waiting outside the store for his acquaintance to return with the money, an unidentified HEB employee approached him and asked him what he was doing. (PD at p. 14.) Plaintiff explained that he was waiting for additional money to

purchase the cigarettes.  (PD at 14.)  The HEB employee, however, told Plaintiff that the clerk inside did not want to serve him and that he should purchase his cigarettes from the HEB gas station instead.  (PD at p. 14-15.)  Plaintiff complied and went to the gas station.  (PD at p. 15.)

After purchasing cigarettes at the gas station, Plaintiff was confronted by two Corpus Christi police officers.  (PD at 15.)  At some point during the confrontation, the officers employed a use of force and placed Plaintiff in handcuffs.  (See PD at 18-21.) Plaintiff was then placed under arrest and taken to the Nueces County jail.  Nueces County deputies also employed force against Plaintiff while he was in his jail cell. (See PD at p. 26.) Following his release, Plaintiff sought medical treatment for his injuries.  (PD at 31.)

On June 3, 2005, Plaintiff filed suit in this Court against numerous defendants, including HEB and Villarreal.  On March 15, 2006, Defendants HEB and Villarreal filed a motion for summary judgment. (D.E. 93.) On April 4, 2006, Plaintiff filed a response to their motion.  (D.E. 125.)

## III.  DISCUSSION

### A.   Summary Judgment Standard

Federal Rule of Civil Procedure 56 states that summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the

-3-

affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are material. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Ellison v. Software Spectrum, Inc.</u>, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson</u>, 477 U.S. at 248; <u>Judwin Props., Inc. v. U.S. Fire Ins. Co.</u>, 973 F.2d 432, 435 (5th Cir. 1992).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Wallace v. Texas Tech. Univ.</u>, 80 F.3d 1042, 1046-47 (5th Cir. 1996). If the nonmovant bears the burden of proof on a claim, the moving party may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. <u>Celotex Corp.</u>, 477 U.S. at 325; <u>Ocean Energy II, Inc. v. Alexander & Alexander, Inc.</u>, 868 F.2d 740, 747 (5th Cir. 1989).

Once the moving party has carried its burden, the nonmovant "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." <u>First Nat'l Bank of Arizona v. Cities</u>

-4-

Service Co., 391 U.S. 253, 270 (1968); see also Schaefer v. Gulf Coast Reg'l Blood Ctr., 10 F.3d 327, 330 (5th Cir. 1994) (stating that non-moving party must "produce affirmative and specific facts" demonstrating a genuine issue).   The nonmovant's burden is not satisfied by conclusory allegations, unsubstantiated assertions, or some metaphysical doubt as to the material facts.   Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995); see also Brown v. Houston, 337 F.3d 539, 541 (5th Cir. 2003) (stating that "improbable inferences and unsupported speculation are not sufficient to [avoid] summary judgment").   Similarly, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for [that party]."   Doe on Behalf of Doe v. Dallas Indep. Sch. Dist., 153 F.3d 211, 215 (5th Cir. 1998) (internal quotes omitted).

When the parties have submitted evidence of conflicting facts, however, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."   Willis, 61 F.3d at 315.   Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the nonmoving party, no reasonable jury could return a verdict for that party.   See, e.g., Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 399 (5th Cir. 2000).   "That the movant appears more likely to prevail at trial is no reason to grant summary judgment; it is not the

province of the court on a motion for summary judgment to weigh the
evidence, assess its probative value, or decide factual issues."
Byrd v. Roadway Exp., Inc., 687 F.2d 85, 87 (5th Cir. 1982); Aubrey
v. Sch. Bd. of Lafayette, 92 F.3d 316, 318 (5th Cir. 1996).  If,
however, the nonmovant's "evidence is merely colorable, or is not
sufficiently probative, summary judgment may be granted."
Anderson, 477 U.S. at 249-50.

    **B.   Sections 1983 and 1985**

    Plaintiff first claims that Defendants HEB and Villarreal
conspired with the City of Corpus Christi (the "City") and its
police officers to "violate [his] civil rights."  (POP at ¶ 55.)
A plaintiff may bring a conspiracy claim under both 42 U.S.C. §§
1983 and 1985, however the elements under the two sections are
nearly identical.  In order to prove a conspiracy under § 1985, a
plaintiff must show: (1) an agreement between two or more
individuals; (2) for the purpose of depriving a person of
privileges and immunities or equal protection under the law; and
(3) an act committed in furtherance of the conspiracy that injures
a person or deprives him of his federal rights.  See Deubert v.
Gulf Federal Sav. Bank, 820 F.2d 754, 757 (5th Cir. 1987) (citing
United Brotherhood of Carpenters & Joinders of America v. Scott,
463 U.S. 825, 828-29 (1983)); see also Green v. State Bar of Texas,
27 F.3d 1083, 1089 (5th Cir. 1994).  Similarly, in order to prove
a conspiracy under § 1983, plaintiff must show "(1) an agreement

between the private and public defendants to commit an illegal act, and (2) a deprivation of constitutional rights." <u>Priester v. Lowndes County</u>, 354 F.3d 414, 420 (5th Cir. 2004); <u>see</u> <u>also</u> <u>Cinel v. Connick</u>, 15 F.3d 1338, 1342 (5th Cir. 1994).  Mere conclusory allegations of the existence of a conspiracy, however, are insufficient to support a claim of federal conspiracy.  <u>See</u>, <u>e.g.</u>, <u>Priester</u>, 354 F.3d at 420; <u>McAfee v. 5th Circuit Judges</u>, 884 F.2d 221, 222 (5th Cir. 1989).

In this case, Plaintiff has no evidence that Defendants HEB and Villarreal reached an agreement with the City of Corpus Christi and its police officers to violate Plaintiff's civil rights.  The only evidence Plaintiff offers to prove the existence of the alleged "agreement" is an 88-page log, listing every incident for which the Corpus Christi police responded to the HEB at 4444 Kostoryz Road in the three-year period between January 2003 and December 2005.  (PE 76.)  Plaintiff contends that this incident log is "circumstantial evidence and creates an inference that HEB over-utilizes the police on minor incidents."  (Pl.'s Resp. at 9.) Courts have held, however, that "[m]erely calling police to the scene of [a] possible [crime] does not create a conspiracy." <u>Pepper v. Village of Oak Park</u>, 430 F.3d 805, 811 (7th Cir. 2005). A plaintiff must have evidence that a defendant did "more than request official intervention and then await the result from the sidelines."  <u>Auster Oil & Gas, Inc. v. Stream</u>, 764 F.2d 381, 388

(5th Cir. 1985).  As the Fifth Circuit has stated:

> The plaintiff must show that the police in effecting the
> arrest acted in accordance with a "preconceived plan" to
> arrest a person merely because he was designated for
> arrest by the private party, without independent
> investigation.

Sims v. Jefferson Downs Racing Ass'n, Inc., 778 F.2d 1068, 1078-79

(5th Cir. 1985).  Unless the Plaintiff shows "that the arresting

officer [failed to] make an independent determination whether there

was cause to arrest," he cannot hold a private party liable for a

conspiracy to violate civil rights.  Id.

Plaintiff's log of police responses to HEB shows only that

police frequently respond to incidents at a particular HEB store.

There is no evidence that the number of police responses to HEB is

more than the number of responses to other, comparable, commercial

establishments.  Likewise, there is no evidence that Corpus Christi

police typically arrest anyone designated by the Defendant HEB and

Villarreal.  Finally, there is no evidence that the police officers

in this case did not exercise their own independent judgment in

deciding to detain and arrest Plaintiff.  Plaintiff, therefore, has

no evidence to support his conspiracy claims and Defendants' motion

for summary judgment on those claims is GRANTED.

**C.  Negligence**

Plaintiff argues that a "disputed material fact issue exists

[whether] HEB and Villarreal were negligent in calling the police

that led to [Plaintiff's] wrongful arrest, incarceration, and pre-

arrest and post arrest beatings." (Pl.'s Resp. at p. 11.) In order to state a claim for negligence under Texas law, a plaintiff must allege "three elements: 1) a legal duty owed by one person to another; 2) a breach of that duty; and 3) damages proximately resulting from the breach." See, e.g., Greater Houston Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). Public policy considerations, however, limit a plaintiff's ability to recover in negligence for the allegedly-wrongful reporting of a crime. Texas courts have held that "allowing the accused to recover in negligence poses too great a disincentive for people to cooperate freely with law enforcement officials." Smith v. Sneed, 938 S.W.2d 181, 185 (Tex. App.--Austin 1997); see also Campbell v. City of San Antonio, 43 F.3d 973, 981 (5th Cir. 1995) ("Texas courts have long recognized . . . that public policy favors the exposure of crime"); Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 507 (Tex. 2002) (stating that a "citizen has a clear legal right to report criminal misconduct to authorities" even where a mistake is made). Thus, courts "allow[] wide latitude in reporting facts to prosecuting authorities to ensure that the exposure of crime is not discouraged." Smith, 938 S.W.2d at 184. Accordingly, Texas courts have "decline[d] to hold that a duty exists outside the torts of malicious prosecution and defamation not to falsely accuse someone of criminal wrongdoing." Id. at 185. "[I]n the absence of an accuser[] having ill will, evil motive to injure another, or

reckless disregard of the rights of another, an individual cannot recover for being wrongfully accused of a crime." Id. at 184.

In this case, Plaintiff bases his negligence claim solely on the theory that Defendants HEB and Villarreal acted negligently in calling the police.  Plaintiff explicitly stated in his deposition that he had no complaints or criticisms of the way he was treated by HEB employees.  (PD at p. 106-08.)  Rather, Plaintiff explained his claim against Defendants HEB and Villarral in his deposition:

> **Q.**   Okay.  Before the police got there, do you have any criticisms of anything that H.E.B. did?
> **A.**   No.
> **Q.**   And do you have any criticism that H.E.B. caused or contributed to anything that happened to you later that day?
> **A.**   I think they called – if they called the cops, they called the cops for no reason because I was not doing nothing wrong.

(PD at p. 108.)  Under Texas law, however, the fact that Defendants called the police, even for "no reason," cannot sustain a cause of action for negligence.  Smith, 938 S.W.2d at 184.  Plaintiff's attempt to argue that HEB and Villarreal's duty not to call the police arises under the Americans with Disabilities Act ("ADA") is unpersuasive because the Plaintiff cannot use the ADA to circumvent the limitations placed on his negligence claim under Texas law. See, e.g., Campbell, 43 F.3d at 981 (holding that a plaintiff cannot escape the limitations imposed on malicious prosecution claims by phrasing his claim as "negligence").  Defendants' motion for summary judgment on this claim is therefore GRANTED.

**D.   Intentional Infliction of Emotional Distress**

Plaintiff next claims that "the conduct and actions of [the] individual Defendants and HEB constitutes intentional infliction of emotional distress." (POP at ¶ 59.)   To state a claim for intentional infliction of emotional distress, a plaintiff must prove: "(1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the defendant's actions caused the plaintiff emotional distress, and (4) the emotional distress suffered by the plaintiff was severe." Mattix-Hill v. Reck, 923 S.W.2d 596, 597 (Tex. 1996) (citing Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex. 1993)).   Outrageous conduct should be found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Twyman, 855 S.W.2d at 621.   The fact that "an action is intentional, malicious, or even criminal does not, standing alone, mean that it is extreme or outrageous for purposes of intentional infliction of emotional distress." Brewerton v. Dalrymple, 997 S.W.2d 212, 215 (Tex. 1999).

In this case, Plaintiff has failed to produce evidence from which a reasonable jury could find that Defendants HEB and Villarreal acted in an "extreme and outrageous" manner.   Even if an HEB employee did falsely report Plaintiff to the police, such a false allegation is insufficient, as a matter of law, to support a

claim of intentional infliction of emotional distress.  See, e.g.,
Halbert v. City of Sherman, 33 F.3d 526, 529 (5th Cir. 1994) ("We
find that merely calling the police and informing them that someone
is  intoxicated  or  using  drugs  is  not  sufficiently  outrageous
conduct  to  warrant  the  recovery  of  damages  for  the  intentional
infliction  of  emotional  distress  even  if  those  statements  are
false");  Diamond Shamrock Refining and Marketing Co. v. Mendez,
844  S.W.2d  198,  202  (Tex.  1992)  (plaintiff's  allegations  that
defendant  "falsely  depict[ed]  him  in  the  community  as  a  thief,"
even  if  true,  "is  not  sufficiently  outrageous  to  raise  a  fact
issue").   Therefore,  Defendants'  motion  for  summary  judgment  on
Plaintiff's  intentional  infliction  of  emotional  distress  claim  is
GRANTED.

      **E.   Slander and Libel**

Finally,  Plaintiff  alleges  that  Defendants  HEB  and  Villarreal
committed  slander  and  libel  by  giving  a  "false  report"  to  the
police.   (POP at ¶ 60.)   Under Texas law, libel is "a written or
printed defamation which tends to injure the reputation of a living
person and thus expose him to public hatred, contempt, ridicule, or
financial  injury,  or  impeach  his  honesty,  integrity,  virtue  or
reputation."   Halbert v. City of Sherman, 33 F.3d 526, 530 (5th
Cir.  1994).   Likewise,  slander  "is  a  defamatory  statement  orally
communicated  or  published  to  a  third  person  without  legal  excuse."
Id.; see also Plumley v. Landmark Chevrolet, Inc., 122 F.3d 308,

311 (5th Cir. 1997).   As the Fifth Circuit has noted, however:

> In cases of libel and slander, Texas has long recognized *at least* "a qualified privilege" for the communication of alleged wrongful acts to an official authorized to protect the public from such acts.  The effect of such privilege is to justify the communication when it was made with proper motives and without actual malice.  The communication is privileged unless made with the knowledge that it was false or with reckless disregard for whether it was false

Campbell v. City of San Antonio, 43 F.3d 973, 980 (5th Cir. 1995) (internal citations and quotations omitted).  The reason for such a privilege is the "strong public policy consideration . . . [that it is] vital to our system of criminal justice that there be the ability to communicate to peace officers the alleged wrongful acts of others without fear of civil action for honest mistakes."  Id. (quoting Zarate v. Cortinas, 553 S.W.2d 652, 655 (Tex. Civ. App.-- Corpus Christi 1977)).   The actual falsity of a statement or complaint "is insufficient to prove malice."  Halbert, 33 F.3d at 530.   Likewise, "the privilege is not defeated by negligence, failure to investigate, or failure to act as a reasonably prudent man."  Campbell, 43 F.3d at 980.

In this case, Plaintiff has failed to meet his burden of showing that Defendants HEB and Villarreal reported him to the police with knowledge that the report was false or with reckless disregard to its truth or falsity.  Plaintiff has not presented any evidence that Defendants HEB or Villarreal *subjectively knew* that Plaintiff had not scared the clerk when she refused to sell him

cigarettes.    Nor is there any evidence tending to show that Defendants HEB or Villarreal had "any motive for [making] an intentional false report . . . to the police officers." <u>Halbert v. City of Sherman</u>, 33 F.3d 526, 530 (5th Cir. 1994).   At best, Plaintiff's evidence shows that the reported incident did not occur.   (<u>See</u> PD at p. 29.)   "However, proof of the falsity of a statement alone is insufficient to prove malice." <u>Id</u>. (citing <u>Stearns v. McManis</u>, 543 S.W.2d 659, 664 (Tex. Civ. App. 1976)). Therefore, Defendants' motion for summary judgment on Plaintiff's libel and slander claims is GRANTED.

## IV.  CONCLUSION

For the reasons discussed above, Defendants' motion for summary judgment (D.E. 93) is GRANTED.

SIGNED and ENTERED this 19th day of May, 2006.

_____
Janis Graham Jack
United States District Judge